138 So. 421
### ALABAMA POWER CO. v. PATTERSON.
### I Div. 682.

Supreme Court of Alabama.
Oct. 22, 1931.

4

Inge, Stallworth & Inge, of Mobile, and Martin, Thompson & McWhorter, of Birmingham, for petitioner.

Harry Seale, of Mobile, for respondent.

ANDERSON, C. J.

As we understand, the main question in this case is whether or not the general rate fixed for the old Alabama Power Company by the public service commission, classified as A 3, was applicable to Mobile, which was, at the time, being served by another company and at a different rate; the old Alabama Power Company having no plant or connecting line with Mobile at the time. In other words, at the time of the consolidation of the old Alabama Power Company with the Gulf and Houston Companies, which one had the right and was obligated to the city of Mobile to supply lights, and at what rate was it to be done? There is no question but what this obligation was, at the time of the consolidation, upon the Gulf Company as the successor of the electric company, and it cannot be logically contended that the old Alabama Power Company was also obligated to do so at a different rate and before it had ever entered the Mobile territory to do business, simply because of the fixation of its general rate where it was then doing. business. It may be conceded that, generally speaking, orders and rules of public bodies, like acts of the Legislature, are deemed prospective unless a contrary intent appears. It is manifest, however, that the public service commission did not intend the rate as fixed by A 3 to apply to the old Alabama Power Company and Mobile when it had no connection with Mobile and which was 280 miles from its transmission lines and was then being served by another company and at a different rate as fixed by the public service commission. In other words, did the public service commission intend for the Alabama Power Company to serve Mobile at one rate and the electric company, or its successor, the Gulf Company, at a different rate? Such a condition and intent is not only refuted by the physical facts and common sense, but by the conduct and action of the public service commission

which has, ever since the fixation of the rate A 3, regarded it as not applicable to Mobile. Of course, it is for the court and not the public service commission to construe the orders of the latter, but "contemporary construction and official usage are among the legitimate aids in the interpretation of statutes." Wetmore v. State, 55 Ala. 198. This rule is particularly applicable when considering rules or orders by a department charged with the duty of making and enforcing same. Davis v. Prairie Pipe Line Co. (C. C. A.) 298 F. 393.

Section 7040 of the Code of 1923, in defining the powers, duties, and liabilities of consolidated or merger corporations, says: "Consolidated or merger corporations shall possess all the rights, powers, and privileges, and be subject to all the restrictions, disabilities, and duties of each of the consolidating corporations, unless additional powers not inconsistent with the provisions of this chapter, are expressed in the said agreement and acts of consolidation, and unless the powers possessed by the several merging corporations are limited or restricted in said agreement."

Therefore, the question is: What were the duties and obligations of the new consolidated corporation, which we might term the "new Alabama Power Company," with reference to supplying lights to the city of Mobile? It was to carry out the obligations existing between the city and the one of the old companies that was merged into the new corporation, that is, the Gulf Company, and, this being so, it was for the rate as then existing between the city and said Gulf Company until changed by the public service commission and which was the existing rate for the year 1928. The old Alabama Power Company was not, at the time, obligated to serve Mobile, but the Gulf Company was, so the liability or duty of the new company was to assume the obligations of the Gulf Company.

For instance, had the rate existing between the city of Mobile and the Gulf Company, at the time of the consolidation, been lower than the one fixed by A 3, as applicable to the Alabama Company, we would not hesitate to hold that the new consolidated company was obligated to serve the city at the rate fixed for the Gulf Company instead of the higher rate fixed by A 3. City of N. Y. v. Brooklyn Edison Co. (Sup.) 189 N. Y. S. 312.

This is not only the logical interpretation of section 7040, but we are supported by leading authorities in dealing with the liability and obligations of the new or consolidated corporations for those which are embraced in the merger or consolidation. City of N. Y. v. Brooklyn Edison Co. (Sup.) 189 N. Y. S. 312; Pullman's Palace Car Co. v. Missouri Pac. Ry. Co., 115 U. S. 587, 6 S. Ct. 194, 29 L. Ed. 499; Duke Power Co. v. Bell, 156 S. C. 299. 152 S. E. 865; Jackson v. Ariton

Banking Co., 214 Ala. 483, 108 So. 359, 45 A. L. R. 1026.

As to whether or not the rate fixed for the city of Mobile between the electric company and its successor, the Gulf Company, is so much greater than the one applicable to the city of Montgomery as to operate as an unlawful discrimination, is a question not passed upon by the Court of Appeals. It is sufficient to suggest, however, that at the time the respective rates were fixed, the physical conditions existing between the Alabama Power Company and Montgomery and the electric or Gulf Company and Mobile were in no wise similar.

If, since the consolidation of the companies, the conditions have become so identical or similar that these places should enjoy the same rate, redress should be first sought through the public service commission.

The Court of Appeals erred in holding that rate A 3, instead of the rate that was charged, was the proper rate, and in affirming the judgment of the circuit court.

Writ awarded, and this cause is reversed and remanded to the Court of Appeals to be decided in conformity with this opinion.

Writ awarded, and reversed and remanded.

All Justices concur, except SAYRE and FOSTER, JJ., not sitting.