49 So.2d 221

**MURRAY v. SERVICE TRANSPORT, Inc.**

**3 Div. 539.**

Supreme Court of Alabama.

Oct. 19, 1950.

Rehearing Denied Dec. 14, 1950.

D. H. Markstein, Jr., of Birmingham, and Roman L. Weil, of Montgomery, for appellant.

684

Hugh R. Williams, of Gadsden, for appellee.

LIVINGSTON, Justice.

Bill for an injunction filed by E. A. Murray, doing business as Murray Motor Transport, to restrain Service Transport, Inc., a corporation, from conducting certain motor carrier operations in intrastate commerce which complainant contends are outside the scope of its operating authority as contained in certificate of public convenience and necessity issued by the Alabama Public Service Commission to the respondent.

The record contained several stipulations of fact. It is agreed that complainant is a utility within the meaning of the regulatory laws of the State of Alabama, and is subject to regulation and control as such by the Alabama Public Service Commission. Complainant is a common carrier of freight by motor vehicle for hire and as such obtained on, to wit, September 7, 1944, a certificate of public convenience and necessity (numbered 384) from said commission in accordance with the applicable laws of the State of Alabama. The certificate, among other things, authorized complainant to transport general commodities between Montgomery and Mobile, Alabama, by motor vehicle.

Respondent is a private corporation engaged in the same kind of business under a certificate of convenience and necessity from the Alabama Public Service Commission and subject to the same rules and regulations, the certificate being numbered 840. On September 7, 1944, one William P. Nunn, doing business as Billy Nunn Transportation Company owned and was operating under certificate numbered 840 between Montgomery and Atmore, Alabama. On November 1, 1944, certificate numbered 840 was amended so as to authorize, in addition to the rights contained in said certificate, the transportation of general commodities by common carrier over a regular route by motor vehicle between Atmore and Bay Minette, Alabama, via., U. S. Highway No. 31. The authority of Billy Nunn Transportation Company motor carrier certificate No. 840 was transferred to the respondent, Service Transport, Inc., by order of the Alabama Public Service Commission dated June 30, 1945. Service Transport, Inc., filed an application before the Alabama Public Commission to extend its operations from Bay Minette and Mobile, Alabama. After a hearing and on May 20, 1946, the commission granted the application, subject to the following restrictions: "Restrictions. Under this extended operating authority applicant is restricted from transporting any freight whose origin is Montgomery

and destination Mobile, or whose origin is Mobile and destination is Montgomery." At the hearing of the application for the extension on May 20, 1946, complainant was present and entered a protest. He was also present and protested to the granting of the extension on November 1, 1944.

The only question in the case is whether the respondent, Service Transport, Inc., may accept freight in Montgomery from connecting carriers and transport the same to Mobile, where the shipment did not originate in Montgomery, or transport freight from Mobile to Montgomery under like circumstances, where the shipment did not originate in Mobile. The question is one of interpretation or construction.

 The Public Service Commission is primarily an administrative body charged with the high duty and responsibility of regulating public utilities. To that end it is vested with authority and powers defined by statute, including the power to make regulations within the powers conferred. In the exercise of its supervisory or executive powers over public utilities it possesses quasi-legislative powers, such as rate making, the granting of franchises, etc.; also quasi-judicial powers, as a fact finding body on hearings in which parties in interest may present evidence and have a hearing. The quasi-judicial functions are incidental to and in aid of the proper exercise of the regulatory powers for which the commission has its being. Avery Freight Lines, Inc., v. White et al., 245 Ala. 618, 18 So.2d 394.

 It is for the courts to construe the orders of the commission, but contemporary construction and official usage are among the legitimate aids in the interpretation of statutes. This rule is particularly applicable when considering rules or orders by a department charged with the duty of making and enforcing same. Alabama Power Co. v. Patterson, 224 Ala. 3, 138 So. 421.

 Whenever a judgment entry is not clear on its face it should be interpreted in the light of the pleadings and the entire record. Taunton v. Dobbs, 240 Ala. 287,

199 So. 9; Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116. By analogy the same rule applies to rules and orders of the Public Service Commission of this character.

The cause was submitted to the trial court on the bill of complaint, answer of the respondent, exhibits, stipulations and oral testimony taken before the court. In part, the decree of the trial court reads:

"E. A. Murray doing business as Murray Motor Transport, being a utility within the meaning of the regulatory statutes of the State of Alabama, and subject to the regulation and control, as such, of the Public Service Commission of Alabama, and being authorized to transport general commodities between Mobile, Alabama, and Montgomery, Alabama, by a certificate of convenience and necessity since September 7, 1944.

"And Service Transport, Inc., a corporation, operating under a certificate of convenience and necessity, dated May 20, 1946, and in said certificate the following order was made by the commission, to wit: 'It is, therefore, ordered by the commission that motor carrier certificate of public convenience and necessity, No. 840, be and the same is hereby amended, authorizing, in addition to the authority therein contained, the operation as a common carrier by motor vehicle of general commodities over route 3, (1) between Bay Minette, Alabama, and Foley, Alabama, over Alabama State Highway No. 3 serving intermediate points; (2) between Bay Minette, Alabama, and Mobile, Alabama, over United States Highway No. 31, serving intermediate points. Restrictions: Under this extended operating authority, it is restricted from transporting any freight, whose origin is Montgomery and destination Mobile, and whose origin is Mobile and destination is Montgomery.' * * *

"It is the contention of E. A. Murray, doing business as Murray Transport, Inc., that under the order of the Public Service Commission, of May 20, 1946, that the restriction as set out in said order, not only restricted the Service Transport, Inc., from transporting freight whose origin is Montgomery and destination Mobile, Alabama, and whose origin is Mobile and des-

tination Montgomery, but any and all freight, wherever its origin and wherever its destination from being transported from Montgomery, Alabama, to Mobile, Alabama, by the said Service Transport, Inc. The Service Transport, Inc., on the other hand, contends that the only restriction placed by the Public Service Commission, from Montgomery to Mobile is freight whose origin is Mobile and destination is Montgomery, or vice versa.

"The court having the benefit of the oral testimony and stipulations, and arguments of the respective counsel, is of the opinion that said restrictions in the certificate of convenience and necessity, of May 20, 1946, should be given its trade and technical meaning, and that, therefore, Service Transport, Inc., respondent, insofar as the evidence in this case shows, are operating within the purview and line scope of its authority, within said restrictions of the Public Service Commission."

The lower court denied the relief prayed for and dismissed the bill. Complainant appealed.

The difficulty of interpreting the restriction on appellee's rights under certificate of convenience and necessity No. 840 arises out of the several factual situations confronted in its application. So far as we are here concerned, appellee operates between Montgomery and Mobile, but it cannot transport freight whose origin is Montgomery and destination Mobile or whose origin is Mobile and destination Montgomery. Certainly the Public Service Commission was familiar with the existence of connecting carriers and the interchanging of freight between them. Let us assume that a shipment of freight originates in Mobile and its destination is Birmingham, via. Montgomery. It originated in Mobile but its destination is not Montgomery. Assume that a shipment originated in Birmingham and its destination is Mobile via. Montgomery. Its destination is Mobile, but it did not originate in Montgomery. Like situations would be created in shipments originating in Montgomery whose destination is beyond Mobile, and shipments originating beyond Mobile and whose destination is Montgomery.

We have carefully considered all the legal evidence, and have approached the solution of the question without any presumption in favor of the findings of the trial court, although we might have applied the rule. Turner v. Turner, 251 Ala. 295, 37 So.2d 186.

If the Public Service Commission had intended to further restrict appellee's certificate it seems that there was ample authority and opportunity to do so, and it certainly knew how. In so close a question we are reluctant to add words and thoughts to the restriction in order that it may be interpreted to mean other than just what it says.

Affirmed.

BROWN, SIMPSON and STAKELY, JJ., concur.