63 So.2d 351

**SMITH TRANSFER CO., Inc. v. ROBINS TRANSFER CO., Inc. et al.**

6 Div. 499.

Supreme Court of Alabama.

Feb. 26, 1953.

Jack Crenshaw, Montgomery, for appellant.

Maurice F. Bishop, Birmingham, for appellees.

LAWSON, Justice.

This declaratory judgment proceeding was instituted in the circuit court of Jefferson County, in equity, by Smith Transfer Company, Inc., against Robins Transfer Company, Inc., on December 12, 1951.

At the time the bill was filed the respondent, to which we will refer as Robins, was a common carrier of freight by motor vehicle and as such obtained in 1947 a certificate of public convenience and necessity (No. 769) from the Alabama Public Service Commission. The certificate authorizes Robins to operate as a common carrier by motor vehicle over irregular routes as follows: "(1) Petroleum products in bulk from Sheffield, Decatur, Lynn Park, Guntersville, Tuscaloosa, Moundville, Birmingham, Birmingport, Duncan, Southport, Montgomery, Anniston, and Oxford, Alabama, to all points and places in Alabama on and North of U.S. Highway No. 80."

On June 24, 1948, the Alabama Public Service Commission issued its certificate of public convenience and necessity (No. 1972) to complainant, which we will refer to as Smith, authorizing it to transport petroleum and petroleum products in tank trucks only over irregular routes from Montgomery, Hunter, and Reese's Spur, Alabama, to points and places within 150 miles of said points, except that such authority does not extend to points beyond fifty miles north of U.S. Highway 80.

Under their respective certificates Smith and Robins were authorized to haul petroleum and petroleum products from Montgomery in the manner prescribed, but Smith's certificate also expressly provided that it could haul such products from Reese's Spur and from Hunter. At the time that Smith and Robins secured their certificates, Reese's Spur and Hunter were both without the corporate limits of Montgomery. Reese's Spur was within the police jurisdiction of Montgomery, but Hunter was not. On September 30, 1949, the corporate limits of the City of Montgomery were extended, but not enough to include therein either Reese's Spur or Hunter, but sufficiently to bring Hunter within the police jurisdiction of the City of Montgomery. The police jurisdiction of a city the size of Montgomery covers adjoining territory within three miles of its corporate limits. § 9, Title 37, Code 1940.

Robins took the position that since it was authorized to haul petroleum and petroleum products from Montgomery, and as Reese's Spur and Hunter are now both within the police jurisdiction of that city, it had the authority to haul such products from those points. Smith took the contrary view and instituted this proceeding for the purpose of securing a judicial declaration as to Robins' authority to operate from Reese's Spur and Hunter.

After the bill was filed, certificate No. 769 was transferred by Robins to Alabama Tank Lines, Inc., by order of the Alabama Public Service Commission. Thereafter Smith amended its bill of complaint so as to make Alabama Tank Lines, Inc., a party respondent.

The respondents demurred to the bill and answered.

The cause was submitted on pleadings and a stipulation of the parties.

Most of the matters contained in the stipulation of the parties have already been referred to in the statement of the case which we have made above. In addition to the matters already set out, the parties stipulated as follows:

Since it issued its certificate of convenience and necessity No. 769 on July 2, 1947, "the Alabama Public Service Commission has made no order and no finding of public convenience or necessity enlarging the authority then held by Robins Transfer Company insofar as the transportation of petroleum and petroleum products from Montgomery, Reeses Spur and Hunter, Alabama, are concerned."

On April 1, 1948, a representative of the Pure Oil Company inquired of the Alabama Public Service Commission by telegram "if Certificate of Pubic Convenience and Necessity No. 769, Docket No. 10953, issued to T. J. Owen Robins, doing business as Robins Transfer Company, gives him permission to haul petroleum products in bulk in tank trucks from both Hunter and Reeses Spur, both of which are adjacent to Montgomery, to all points and places in Alabama North of U. S. Highway No. 80." On the same day the Alabama Public Service Commission by telegram advised the representative of the Pure Oil Company as follows: "Retel: J. Owen Robins, doing business as Robins Transfer Company, has authority as outlined in your telegram." While this proceeding was pending and on February 27, 1952, the Director of the Transportation Department of the Alabama Public Service Commission, in his official capacity, wrote the following letter to the Director of Transportation, Standard Oil Company of Kentucky, with copy to Alabama Tank Lines, Inc.:

"In the past, this Commission has taken the position that a carrier had authority to serve all points located within the police jurisdiction of the towns, cities or municipalities named in said authority.

"Under the same construction, Hunter Station and Reeses Spur would be included in an authority naming Montgomery, if the said Hunter Station and Reeses Spur are both within the police jurisdiction of Montgomery."

Both Hunter and Reese's Spur have the published tariff rate basis of Montgomery, Alabama.

As to the question for decision the parties stipulated: "That the issue to be deter-

mined by the Court is whether the authority held by the Alabama Tank Lines, Inc., under the Certificate of Service No. 769 carries with it the authority to transport petroleum products in bulk from points outside the corporate limits of Montgomery, Alabama, but within the police jurisdiction of said City."

The trial court, on October 6, 1952, after overruling the demurrer of respondents, decree as follows:

"That under Certificate of Convenience and Necessity # 769, issued by the Public Service Commission of Alabama, the respondent, Alabama Tank Lines, Inc., is authorized among other things, to transport petroleum products in bulk from Montgomery and all points within its police jurisdiction to all points and places in Alabama on and north of U. S. Highway # 80."

From that decree the complainant, Smith, has appealed to this court.

Our review here is not controlled by the principles which are applicable where there is an appeal from an order of the Alabama Public Service Commission.

■ The question here is simply one of construction of Certificate No. 769. We have held that it is for the courts and not the Public Service Commission to construe the orders of the latter. Alabama Power Co. v. Patterson, 224 Ala. 3, 138 So. 421; Murray v. Service Transport, Inc., 254 Ala. 683, 49 So.2d 221.

■ Appellees do not contend that Reese's Spur and Hunter are within Montgomery. But they contend, if we understand the brief filed on their behalf, that the authority given by Certificate No. 769 to transport from Montgomery includes the authority to transport from those points within the police jurisdiction of that city, by virtue of the provisions of the first clause of subsec. A(2) of § 2 of the Alabama Motor Carrier Act of 1939, General Acts 1939, p. 1064, § 301(2). Title 48, 1951 Cum. Pocket Part, Vol. 7, p. 92, Code 1940. Section 2 of the Alabama Motor Carrier Act of 1939 begins. "This Act shall not be construed to apply to" and subsec. A(2) of § 2 reads:

"Motor vehicles for hire, while operating wholly within the limits of a city or incorporated town or within the police jurisdiction thereof; or between two or more incorporated towns or cities whose city limits join or are contiguous or whose police jurisdictions join or are contiguous."

It is clear that the provision above quoted exempts from the act only those operations carried on wholly within the territory there defined. Alabama Tank Lines, Inc., does not operate wholly within such territorial limits. But it is argued, in effect, that by exempting operations wholly within a city and its police jurisdiction, the legislature has considered for the purpose of Alabama Motor Carrier Act of 1939 that such territory constitutes one entity and that, therefore, an authority to operate from a city carries with it the authority to operate from points outside the corporate limits but within the police jurisdiction We cannot agree. The regulatory provisions prescribed by the said Motor Carrier Act were enacted under the state's police power and it seems clear to us that the reason for exempting operations carried on solely within a city and its police jurisdiction was to leave to the cities the authority to regulate operations over the territory to which its police jurisdiction extends. We do not think that subsec. A(2) of § 2 of the Alabama Motor Carrier Act of 1939 shows a legislative intent that for all purposes of the act the territory within the police jurisdiction of a city should be considered as a part of the corporate limits of the city. If such a construction is given to the first clause of that subsection, it would also have to be given to the last clause, with a result that two incorporated towns or cities whose city limits join or are contiguous or whose police jurisdictions join or are contiguous would be considered as one unit of territory for all purposes of the act. In other words, if the insistence of appellees in this respect is correct, then an authorization to transport from Sheffield would carry with it the authority to transport from Tuscumbia, and an authority to transport from Anniston

would carry the authority to transport from Oxford; and yet in Certificate No. 769 here involved the Commission has specifically authorized the transportation from both Anniston and Oxford.

We have said in construing orders of the Alabama Public Service Commission that it is proper to consider contemporaneous construction of the Commission and official usage. Alabama Power Co. v. Patterson, supra; Murray v. Service Transport, Inc., supra.

The record in this case does show that in 1948 the Public Service Commission advised that Certificate No. 769 was authority for the transportation of petroleum products from Reese's Spur and Hunter. It also shows that after this litigation was instituted, a letter was written by an officer or employee of the Commission to the effect that the Commission had for some time construed an authority to transport from a city as being authority to transport from points within the police jurisdiction of that city. We are not persuaded that these two particular instances are sufficient to justify a holding by this court on this appeal that we should construe Certificate No. 769 as including territory which on its face it does not include. Particularly is this true when Certificate No. 1972, issued to Smith, affirmatively shows that the Commission gave specific and direct authority for Smith to transport from Reese's Spur, although it was within the police jurisdiction of the City of Montgomery, which city is also named in the certificate. We do not think the courts are justified in writing into a certificate of a regulatory body such as the Alabama Public Service Commission something it has not seen fit to include therein on a showing such as is made by the record before us.

In Murray v. Service Transport, Inc., supra, we said:

"If the Public Service Commission had intended to further restrict appellee's certificate it seems that there was ample authority and opportunity to do so, and it certainly knew how. In so close a question we are reluctant to add words and thoughts to the restric-

tion in order that it may be interpreted to mean other than just what it says." 254 Ala. 686, 49 So.2d 223.

We think the above quotation is applicable here.

We have read with interest the earnest argument of counsel for appellees to the effect that if we reverse the trial court the result will seriously affect many other common carriers. The power lies with the Alabama Public Service Commission to make its orders clearly reflect the intention of the Commission, and it is to that body that resort should be had for the amendment or change of its certificates of convenience and necessity and not to the courts.

The decree of the trial court is reversed and one will be here rendered declaring that Certificate No. 769 of the Alabama Public Service Commission does not authorize the transportation of petroleum and petroleum products from Reese's Spur and Hunter.

Reversed and rendered.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.