87 So.2d 421

### DEATON TRUCK LINE, Inc.,

v.

### BIRMINGHAM – TUSCALOOSA – MOBILE MOTOR FREIGHT LINE et al.

6 Div. 876.

Supreme Court of Alabama.

June 30, 1955.

Rehearing Denied May 24, 1956.

D. H. Markstein, Jr., and John W. Cooper, Birmingham, for appellant.

Maurice F. Bishop and Robt. S. Richard, Birmingham, for appellees.

MERRILL, Justice.

This is an appeal from a final decree of the Circuit Court of Jefferson County, in Equity. Appellant filed a bill of complaint seeking a declaratory order to construe Certificate of Public Convenience and Necessity No. 695 issued to it by the Alabama Public Service Commission in 1943. The appellees, being other certificated motor common carriers, filed a cross-bill to enjoin appellant's alleged operations in violation of the terms of its certificate. On final decree the trial court found for the appellees.

The sole issue here presented is the proper construction of Certificate No. 695, which authorized appellant to transport for hire in intrastate commerce in Alabama:

"General commodities, over irregular routes between

"(1) All points within 125 mile radius of Birmingham, Alabama;

"(2) Between Birmingham, Alabama, and all points within 15 miles thereof, and Mobile, Alabama, and all points within 15 miles thereof."

The parties stipulated their contention as follows:

"9. Deaton contends that under its APSC Certificate No. 695 as described in Paragraph 1 of this stipulation that it has authority to transport general commodities over irregular routes:

"(1) Between all points within a 125 mile radius of Birmingham, and

"(2) Between Mobile, Alabama and all points within a 15 mile radius thereof, on the one hand, and all points within a radius of 125 miles of Birmingham, on the other hand.

"That is, Complainant contends that under Part (2) of said Certificate that it has the right to transport general commodities between Mobile, Alabama, and all points within 15 miles thereof, on the one hand, and all points within a radius of 125 miles of Birmingham, on the other. Complainant contends that it has the right under its Certificate to transport general commodities, as described, without the necessity of tacking the two separate parts of its certificate at Birmingham and in the alternative, Complainant contends that it has the right to tack the two paragraphs of its Certificate and provide service between Mobile and points within 15 miles thereof, on the one hand, and all points within a 125 mile radius of Birmingham, on the other hand, by tacking the two paragraphs of its certificate at any point within the 15 mile radius of Birmingham. For example, Complainant contends that it can originate general commodities at any point within 15 miles of Mobile and transport said shipment to any point within a 125 mile radius of Birmingham directly and without going through Birmingham. Complainant further contends that if it does not have this right to provide the service direct that it has the right to originate a shipment of general commodities within a radius of 15 miles of Mobile and transport same to any point within a point of 125 miles of Birmingham by moving through Birmingham, and tacking the two paragraphs of its Certificate at a point within 15 miles of Birmingham.

"10. The Respondents contend that the authority granted in said APSC Certificate No. 695 authorizes transportation of general commodities over irregular routes:

"(1) Between all points within a 125 mile radius of Birmingham, Alabama, and

"(2) Between Birmingham and all points within 15 miles thereof, on the one hand, and Mobile and all points within 15 miles thereof, on the other hand; that is, all shipments of general commodities to and from Mobile must originate in or be destined to a 15 mile radius of Mobile, on the one hand, and must originate in or be destined to a 15 mile radius of Birmingham, on the other hand.

"In other words, Respondents contend that under APSC Certificate No. 695 that the Complainant is not authorized to transport shipments between points within a 15 mile radius of Mobile, on the one hand, and points within a radius of 125 miles of Birmingham and outside the 15 mile radius of Birmingham, but that all shipments originating within a 15 mile radius of Mobile must be destined to points within a 15 mile radius of Birmingham and that shipments originating within 15 miles of Birmingham must be destined to (1) a point within a 125 mile radius of Birmingham, or (2) a point within a 15 mile radius of Mobile. The Respondents also deny that the Complainant has any right to perform service between points within a 15 mile radius of Mobile, on the one hand, and points within a 125 mile radius of Birmingham, on the other hand, by tacking the two paragraphs of said certificate No. 695 at a point within the 15 mile radius of Birmingham."

Certificate No. 695 has been in full force and effect and appellant has been operating under it continually since the date it was issued to the date of the hearing in this cause. All during the said period of time appellant has claimed the right to operate between Mobile and 15 miles thereof on the one hand, and all points within a 125 mile radius of Birmingham on the other hand, and has in fact performed such a transportation service continually throughout the said period of time, without any chal-

lenge of its right so to do, until this dispute arose in the month of April.

In his very lucid opinion the trial court stated, in part, as follows: "The only logical and reasonable construction of the complainants' and cross-respondents' certificate 695 insofar as Paragraph 2 thereof is concerned, is to follow the specific language of the Commission, i. e. between Birmingham and points within 15 miles thereof, on the one hand, and Mobile and points within 15 miles thereof on the other hand. A cardinal rule in construing any instrument is to give effect to the language used therein. The Court naturally is hesitant to change the specific language used or to insert language not expressly included therein. Certainly this Court should not change the 15 mile radius of Birmingham to a 125 mile radius of Birmingham, and it appears to this Court that such a change would be necessary to give effect to the contentions and position of the complainant and cross-respondent. It is the feeling of this Court that if the Commission had intended that the complainant and cross-respondent should have the authority to transport shipments between points within a radius of 15 miles of Mobile on the one hand, and points within 125 miles of Birmingham on the other hand, it would have so stated and there would have been no occasion to insert the words 'within 15 miles' of Birmingham. It appears to be inescapable that if the construction urged by the complainant and cross-respondent be accepted, then it would, of necessity, be necessary for this Court to wholly disregard the 15 mile radius of Birmingham and extend it to a 125 mile radius. It seems obvious from Paragraph (2) of the certificate that points within a radius of 15 miles of Birmingham and Mobile must be the origin or destination of the shipments moving under Paragraph (2). Shipments from a point within 125 miles of Birmingham to or from points within 15 miles of Mobile do not appear to have ever been contemplated or provided for in the certificate."

■ It is settled that it is for the courts and not the Public Service Commission to construe the orders of the latter. Alabama Power Co. v. Patterson, 224 Ala. 3, 138 So. 421; Smith Transfer Co. v. Robins Transfer Co., 258 Ala. 406, 63 So.2d 351.

This court had before it a similar certificate in Martin Truck Line v. Alabama Tank Line, 261 Ala. 163, 73 So.2d 756, 760, and the statement made there in reference to the commodity description is applicable here to the route definition:

"There is no ambiguity in the commodity description that calls for the application of the well-known rules of construction where there is an ambiguity.

"Actually, what the cross-appellants seek to have the court do, is, to rewrite the Certificate provided for in the order of January 28, 1944.

"We are unwilling, as was the trial court, on this collateral attack, to write into the Commission's order of January 28, 1944, words of limitation which the Commission did not include, although such words have been included in other Certificates."

■ In the instant case we hold that there is no ambiguity in the certificate and it would require considerable construction to hold with appellant's contention that the second part of the certificate should be construed to read:

"(2) Between Birmingham, Alabama, and all points within *125* miles thereof and Mobile and all points within 15 miles thereof."

In Murray v. Service Transport, Inc., 254 Ala. 683, 49 So.2d 221, 223, we said:

"If the Public Service Commission had intended to further restrict appellee's certificate it seems that there was ample authority and opportunity to do so, and it certainly knew how. In so close a question we are reluctant to add words and thoughts to the restriction in order that it may be interpreted to mean other than just what it says."

In similar vein, we said in Smith Transfer Co. v. Robins Transfer Co., supra [258 Ala. 406, 63 So. 354],

"* * * The power lies with the Alabama Public Service Commission to make its orders clearly reflect the intention of the Commission, and it is to that body that resort should be had for the amendment or change of its certificates of convenience and necessity and not to the courts."

■ We cannot agree with appellant's contention that the two paragraphs of the certificate can be tacked or joined to provide a through service. As did the trial court, we cite Zirbel, Investigation of Operations, 8 F.C.C. 538, 53 M.C.C. 684, where the Interstate Commerce Commission said:

"The right of a motor common carrier to tack separate grants of unrestricted authorities is well settled regardless of whether the authorities involve regular routes, irregular routes, or a combination of both. The essential requirements in such instances are (1) that there must be a point of service common to both operating authorities, (2) that the physical operation actually must be rendered through such common point, and (3) that the character of the authorized service (either regular—or irregular—route) under each authority, must be preserved.

"The question of what is a separate grant of irregular-route authority has been fully discussed and determined in several proceedings before this Commission. It is axiomatic that only a single grant of irregular-route authority can emanate from one proceeding. It is not uncommon to describe such a single or separate grant of irregular-route authority, especially radial authority, in two or more paragraphs or parts in the certificate or permit subsequently issued. The No. MC–471 (Sub.–No. 1) certificate now held by respondent is typical of this practice. It necessarily follows that a motor common carrier, such as respondent, lawfully may not combine or tack two or more irregular-route services authorized by one grant of authority even though described in separate paragraphs of a single certificate, and thus perform an entirely different or more extensive service in the absence of specific authorization for their joinder in the certificate itself. Thus respondent's described operation from western Oregon or Washington points through Dodge Junction to Spokane is not authorized because under the No. Mc— 471 (Sub–No. 1) certificate the irregular-route service authorized in paragraph 1 and that authorized in paragraph 2 emanates from but a single grant of authority and the joinder thereof is not specifically authorized. Such operations should be immediately discontinued."

For other cases discussing the question of tacking, see Aetna Freight Lines, Inc., Interpretation of Certificate, 7 F.C.C. 48, 48 M.C.C. 610; Akers Motor Lines, Inc., v. Malone Freight Lines, Inc., D.C., 88 F. Supp. 654, 8 F.C.C. 341, 53 M.C.C. 353; Malone Freight Lines, Inc., v. U. S., D.C., 107 F.Supp. 946, affirmed 344 U.S. 925, 73 S.Ct. 497, 97 L.Ed. 712.

■ Appellant, in brief and oral argument, urged us to read the record carefully to get the background, all the facts and the contemporary construction. This we have done. The entire record presents persuasive argument to support appellant's contention as to the intent of the Public Service Commission in 1943, but some of the evidence is not admissible (so held by the lower court) and, as we have already indicated, it is to the Commission and not the courts that applications for changes in the wording and meaning of certificates should be addressed.

The decree of the lower court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.