113 So.2d 495

**EAST ALABAMA EXPRESS, INC.**

v.

**BAGGETT TRANSPORTATION COMPANY, Inc., et al.**

**6 Div. 264.**

Supreme Court of Alabama.

June 25, 1959.

John W. Cooper, Markstein & Cooper, Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville and Maurice F. Bishop, Birmingham, for appellees.

GOODWYN, Justice.

This is a declaratory judgment proceeding brought in the circuit court of Jefferson County, in equity, by appellees (Baggett Transportation Company, Inc., et al.) against appellant (East Alabama Express, Inc.) and others for the purpose of construing certificate No. 384 issued by the Alabama Public Service Commission originally to E. A. Murray, doing business as Murray Motor Transport, and, in turn, leased to appellant with the Commission's approval. From a final decree favorable to appellees, appellant brings this appeal.

Certificate No. 384 authorizes operating rights as follows:

"General commodities over the following regular route: Between Birmingham, Alabama and Ider, Alabama, as follows: Commencing at Ider thence over an unnumbered county road to Hammondville via Pisgah and Henagar, thence from Hammondville over Alabama State Highway No. 10 to Rainsville, over Alabama State Highway No. 35 to Fort Payne via Chavis, thence over Alabama State Highway No. 7 to Birmingham via Collinsville and Attalla, serving all intermediate points. *Restriction:* No commodities are to be picked up at any point between Birmingham and Attalla to be discharged at any other point between Birmingham and Attalla."

It is insisted by appellant that it is authorized under said certificate to serve Gadsden by virtue of the fact (1) "that Gadsden lies contiguous to Attalla which is specifically authorized to be served by the appellant," (2) "that the regular route authority of the appellant penetrates the police jurisdiction of Gadsden," (3) that Gadsden is "a point intermediate between Attalla and Ider and therefore specifically authorized to be served," and (4) "that a highway entrance to Gadsden (at Reeseville) lies within one-quarter of a mile of the appellant's authorized regular route."

There appears to be no controversy as to the facts. The parties entered into a stipulation containing, in parts pertinent to the question before us, the following:

"(a) The respondents [East Alabama Express, Inc., et al.] contend that said operating rights authorized the transportation of general commodities to and from Gadsden, Alabama, under a claim that the towns of Gadsden and Attalla, Alabama are contiguous and respondents contend that they can serve Gadsden, Alabama, because said city of Gadsden, Alabama, is contiguous to Attalla, Alabama. Respondents also claim the right to perform such services under a claim that, to-wit, 95% of their transportation is in interstate commerce and only 5% is in intrastate commerce, and respondents claim that they are authorized to transport intrastate and interstate freight to and from Gadsden, Alabama, under the 'commercial zone rule' of the Interstate Commerce Commission (ICC Regulations, ex Parte MC-37). Complainants contend that the rules and regulations of the Interstate Commerce Commission (hereinafter referred to at times as ICC) under ex Parte MC-37 do not apply to or cover any transportation of intrastate freight and further that they do not apply to or cover the transportation of any interstate freight under a registered certificate.

"(b) The complainants contend the operating rights involved do not authorize any service to or from Gadsden, Alabama, and that even though the operating route described between Birmingham and Ider, Alabama, does touch or penetrate the police jurisdiction of Gadsden, Alabama, it did not and would not authorize respondents to serve Gadsden. Parties stipulate and agree that the route described passing through Attalla, Alabama, does not touch Gadsden, Alabama, and does not penetrate any part of the city

limits of Gadsden, Alabama. The parties stipulate and agree that the city limits of Attalla and Gadsden are contiguous. The said route as above described does not touch or penetrate any part of the city limits of the city of Gadsden, Alabama, but does pass through the police jurisdiction of Gadsden and, as stipulated, the city limits of Attalla and Gadsden are contiguous. Alabama Highway #7 runs near the northwesterly city limtis of Gadsden, Alabama; said city limits being at its closest point 100 yards from said Alabama Highway #7 and at its farthest point some 400 yards from said Alabama Highway #7. Respondents claim that their service to and from Gadsden, Alabama, is exempt from the Act under Section 2 of the Act [Alabama Motor Carrier Act of 1939, Act No. 669, Subsec. A(2) of § 2, appvd. July 5, 1940, Gen.Acts 1939, p. 1064, as last amended by Act No. 547, appvd. Sept. 9, 1955, Acts 1955, Vol. II, p. 1204; Code 1940, Tit. 48, § 301(2), 1955 Cum.Pock. Part, p. 106]. Complainants contend that such service is not exempt under Section 2 of the Act.

"(c) Respondents contend that they are authorized to serve all points within one mile of said Alabama Highway #7 under their regular route authority. The parties stipulate and agree that the city limits of Gadsden, Alabama, lie within one mile of said regular route which traverses Alabama Highway #7. The respondents contend that, therefore, since the city limits of Gadsden, Alabama, lie within one mile from said Alabama Highway #7, they are authorized to serve Gadsden. Complainants contend that respondents are not authorized to serve Gadsden due to the fact that no portion of Alabama Highway #7 touches or traverses the city limits of Gadsden, Alabama.

"(d) Respondents contend that they are authorized to serve Gadsden due to the fact that Gadsden is a point now on said Alabama Highway #7, inasmuch as an entrance to Gadsden through Reeseville lies within a quarter of a mile from said Alabama Highway #7."

■ Our problem is one of construction of certificate No. 384 which, as has been held, is for the courts and not the Alabama Public Service Commission. Deaton Truck Line, Inc. v. Birmingham-Tuscaloosa-Mobile Motor Freight Line, 264 Ala. 345, 348, 87 So.2d 421; Smith Transfer Co. v. Robins Transfer Co., 258 Ala. 406, 409, 63 So. 2d 351; Murray v. Service Transport, Inc., 254 Ala. 683, 685, 49 So.2d 221; Alabama Power Co. v. Patterson, 224 Ala. 3, 5, 138 So. 421.

■ The trial court held that none of appellant's contentions justifies a construction of certificate No. 384 as including within the authority granted thereby the right "to transport general non-exempt commodities in intrastate commerce for hire between Gadsden, Alabama, on the one hand and Birmingham, Alabama, on the other hand, over Alabama Highway No. 7, also known as U. S. Highway No. 11." We agree with this construction of the certificate.

It seems to us that the holding in Smith Transfer Co. v. Robins Transfer Co., 258 Ala. 406, 410, 63 So.2d 351, 354, supra, sufficiently disposes of appellant's contentions in the main. In that case the certificate authorized Robins to transport petroleum products in bulk from several specified places, including "Montgomery." Robins claimed the right under the certificate to operate from Hunter and Reese's Spur because both of said places were within the police jurisdiction of Montgomery. In holding contrary to Robins' insistence, this court made the following observations

which we think are equally appropriate in the case now before us, viz.:

"* * * We do not think the courts are justified in writing into a certificate of a regulatory body such as the Alabama Public Service Commission something it has not seen fit to include therein on a showing such as is made by the record before us.

\* \* \* \* \* \*

"* * * The power lies with the Alabama Public Service Commission to make its orders clearly reflect the intention of the Commission, and it is to that body that resort should be had for the amendment or change of its certificates of convenience and necessity and not to the courts."

■ Certificate No. 384 makes no mention of Gadsden, which we judicially know is considerably larger than Attalla. According to the 1950 Federal census Attalla has a population of 7,537 while Gadsden has a population of 55,725. It seems obvious, therefore, that there would be more interest in serving Gadsden than Attalla. Accordingly, if the Commission had intended to authorize service within Gadsden would it not reasonably follow that specific provision therefor would have been made in the certificate? We see no sound basis, under the circumstances of this case, to construe the certificate as authorizing service within the corporate limits of Gadsden or within its police jurisdiction either because it is contiguous to Attalla or because the regular authorized route under the certificate penetrates Gadsden's police jurisdiction. See Smith Transfer Co. v. Robins Transfer Co., supra. Nor is there merit to appellant's insistence that Gadsden is a point intermediate between Attalla and Ider. Highway 7 touches no part of Gadsden, and the fact that there is a highway entrance to Gadsden a short distance from Highway 11 does not make Gadsden an intermediate point within the terms of the certificate.

Appellant argues that "intermediate" means "between"; that even though no part of Gadsden touches Highway 7 it was nevertheless intended that Gadsden be served since a part of Gadsden lies between Ider on the north and a part of Attalla on the South. In support of this insistence appellant directs attention to exhibit J, attached to the parties' stipulation, showing the relative positions of Gadsden and Attalla. This exhibit clearly shows that a portion of Gadsden is north of Attalla, indicating, as we see it, that a portion of Gadsden actually lies on a straight line between Ider and a portion of Attalla. But we do not think this fact makes Gadsden an "intermediate point" within the meaning of certificate No. 384.

■ What was there intended, as we view it, was service to points actually located on the highways specified in the certificate. Since Gadsden is not located on any of said highways there is no authority given under the certificate to serve it.

■ Appellant makes reference to administrative rule No. 84 of the Interstate Commerce Commission, which permits service to points not on a regular route but within one mile thereof, as having some bearing on this case. We fail to see its applicability. We are dealing here with a State certificate authorizing intrastate operations only. Appellant does not seem to argue this point seriously.

Perhaps we should mention one other point argued by appellant. That is the insistence "that the exemption of the application of the Act [Alabama Motor Carrier Act] as set forth in Tit. 48, Alabama Code of 1940, Section 301(2), subd. A(2) intended to allow a carrier in intrastate commerce to serve contiguous municipalities and relieve such operations from the regulation by the APSC." This contention was specifically disposed of in Smith Transfer Co. v. Robins Transfer Co., supra, contrary to appellant's insistence. We see no

need to repeat what was there said on this point. It is noteworthy that appellant makes no mention of that case in its brief.

The decree of the trial court is due to be affirmed.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.