**A–OK MOTOR LINES, INC., a corporation, Birmingham, Alabama, et al., Plaintiffs,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants.**

**Civ. A. No. 68–154.**

United States District Court
N. D. Alabama, S. D.
July 8, 1968.

John W. Cooper, Birmingham, Ala., for plaintiffs.

Edwin M. Zimmerman, Acting Asst. Atty. Gen., and John H. D. Wigger, Attorney, Department of Justice, Washington, D. C., Macon L. Weaver, U. S. Atty., Birmingham, Ala., for defendant United States.

Robert W. Ginnane, General Counsel, and Barry Roberts, Attorney, I.C.C., Washington, D. C., for defendant I.C.C.

Before RIVES, Circuit Judge, and GROOMS and PITTMAN, District Judges.

PER CURIAM:

This is an action brought by plaintiffs, A-OK Motor Lines, Inc., Robert F. Coates, doing business as Coates Motor Express, and Ross Neely Express, Inc., to review, enjoin and set aside an order of the Interstate Commerce Commission, Division 1, acting as an Appellate Division, of December 28, 1967, in Docket Nos. MC–121218 (Sub-No. 1), MC–96951 (Sub-No. 1), and MC–99610 (Sub-No. 2).

Prior to its repeal on October 15, 1962, the Second Proviso of Section 206(a) (1) of the Interstate Commerce Act, 49 U.S.C. § 306(a) (1), provided in effect that any motor common carrier which operated exclusively within the borders of a single state and which had obtained intrastate authority from the pertinent state board or commission could engage in interstate or foreign transportation within that state without obtaining a certificate of public convenience and necessity from the Interstate Commerce Commission. However, before any right to engage in interstate commerce vested in a single-state carrier, it was required that such carrier register its state authority with the Interstate Commerce Commission.

Because of certain abuses that had grown up as a result of the Second Pro-

viso registration provision of Section 206(a) (1), Consolidated Freightways Corporation of Delaware v. United States, (E.D.Idaho) 279 F.Supp. 111, Congress in 1962 enacted amendments to the section. 206(a) (6) and (7), 49 U. S.C. § 306(a) (6) and (7). Section 206(a) (7) terminated all rights to engage in interstate and foreign commerce under the Second Proviso. In addition, this section provides for "grandfather" certificates of registration for all single-state carriers *which had been engaged in operations* under the Second Proviso on the date of the enactment of the amendment on October 15, 1962.[1]

On August 16, 1962, plaintiffs separately filed applications with the Alabama Public Service Commission, seeking to expand their intrastate operating authority so as to include terminal areas. Under Alabama law they could not conduct terminal area operations of the type involved without specific authority from the State Commission. Smith Transfer Co. v. Robins Transfer Co., 258 Ala. 406, 63 So.2d 351.

On February 20, 1967, the Alabama Commission approved the applications. On June 19, 1967, plaintiffs filed a petition with the Interstate Commerce Commission seeking to amend their certificates of registration to include the newly acquired authority under the "grandfather" provisions of Section 206(a) (7). On August 7, 1967, the Commission, Division 1, denied plaintiffs' petition. The order of December 28, 1967, affirmed such denial.

It is plaintiffs' primary contention that their applications before the Alabama Commission constituted pending litigation within the "pendency of litiga-

tion" clause of the amendment to Section 206(a).

Division 1 held, *inter alia*, that:

"[A] prerequisite to issuance of a 'grandfather' Certificate of Registration, or amendment thereto, is that a BMC–75 notice of intent to engage in interstate and foreign operations accompanied by copies of the carrier's State certificate must have been filed with this Commission on or before October 15, 1962, the date of enactment of Public Law 87–805 [76 Stat. 911] (74 Stat. 382), * * * and that the 'pendency of litigation' clause of Section 206(a) (7) of the act refers to litigation to determine the validity of a carrier's intrastate operations, and does not include applications by a carrier to a State regulatory body for a certificate which will permit it to begin such operations."

Section 206(a) (7) provides "grandfather" rights for single-state carriers only if they actually conducted operations prior to October 15, 1962, or would have conducted such operations but for the pendency of litigation.

Plaintiffs' application to the Alabama Commission was for new authority which would permit them to begin additional operations. The new authority was not granted by such Commission until more than four years after the amendments to Section 206(a) went into effect.

▪▪▪ The "pendency of litigation" clause should be construed in keeping with the purpose of the "grandfather" provision. By its language it can have application only to those operations which had *previously* been conducted by

---

[1] "All rights to engage in operations in interstate and foreign commerce under the provisions of the second proviso of paragraph (1) of this subsection, as in effect immediately before October 15, 1962, shall cease and terminate, but any carrier lawfully engaged in interstate and foreign operation on October 15, 1962 or any carrier who would have been so lawfully engaged in such operations but for the pendency of litigation to determine

the validity of such person's intrastate operations to the extent such litigation is resolved in favor of such person, pursuant to such provisions, may continue such operations for 120 days after October 15, 1962, and, if an appropriate application for a certificate of registration is filed within such period, such operations may be continued pending the determination of such application."

the carrier. An application for *new* authority is not included within the meaning of the "pendency of litigation" clause.

In Central Maryland Lines, Inc. v. United States (D.C.Maryland), 240 F. Supp. 254, 258, the court held that:

"The 'pendency of litigation' clause refers to 'litigation to determine the validity' of the carrier's intrastate operations, and does not include applications by the carrier to a state regulatory body for a certificate which will permit it to begin such operations."

The court in Valley Express, Inc. v. United States (W.D.Wisconsin), 264 F. Supp. 1006, reached a like result. There it was said:

"Plaintiff characterizes its lengthy struggle before the Wisconsin Public Service Commission to obtain the additional intrastate authority embodied in Amendments Nos. 1 and 2 as the 'litigation' which prevented it from operating in interstate commerce, as to that phase of its operations, on October 15, 1962, and prior thereto. This court cannot agree that proceedings before the Wisconsin Public Service Commission constitute 'litigation' as that term is used in Section 206(a) (7) (A) of the Act [49 U.S.C. § 306(a) (7) (A)]"

The court in *Consolidated Freightways Corporation of Delaware*, supra, differentiated between those actually operating under the Second Proviso at the time of the amendments and those not so operating. The court said:

"We are constrained to hold that the 1962 amendment to Sec. 206 of the Act clearly reflects a legislative intent to provide that all motor carriers then operating in good faith under the Second Proviso at the date of the amendment were given an incontestable right to recertification. * * * As to prospective single state applicants, the new requirements and procedures were to be applicable."

Plaintiffs were not operating under the Second Proviso at the time of the amendment to Section 206a. The pendency of the proceedings before the Alabama Commission was not, as plaintiffs contend, "litigation to determine the validity" of the plaintiffs' intrastate operations. Consequently, such proceedings were not within the "pendency of litigation" clause of Section 206(a) (7).

Plaintiffs' contention that the Commission acted arbitrarily and capriciously in applying Section 206(a) (7) retrospectively contrary to the legislative intent is clearly answered by the language employed in the amendment. Such language spells out the fact that Congress did not intend to place applicants for new authority on the same footing as those already operating under the Second Proviso at the time of the amendment.

The Commission did not err in denying the plaintiffs their certificates of registration.

This action to annul, enjoin and set aside the order of the Interstate Commerce Commission entered on December 28, 1967, will be dismissed, and the relief sought by the plaintiffs denied.