MURDOCK, Justice
(concurring in the result).
This case concerns a failure by Alabama Power Company to advise a commercial customer that the rate plan under which it had operated for some time, and which at one time was the “correct” rate plan for that customer, is no longer so in light of changes in the customer’s business operations. The complaint in this case does not allege that the rate charged by Alabama Power Company is “illegal” or otherwise impermissible, i.e., a rate that cannot be lawfully charged to the customer. Nor has there been a showing that the rate charged is unlawful as applied to the customer. As best I can discern, this case simply concerns the question which of two lawful rates has become more advantageous to the customer as a consequence of changes in its business and, specifically, a challenge by the customer to Alabama Power’s practice of undertaking to advise customers as to which of two lawful rates is more advantageous to them only in response to an inquiry from the customer. Thus, the plaintiff here challenges a “practice” of Alabama Power. Moreover, it is a practice that is the subject of a specific *584 regulation by the Alabama Public Service Commission (“the APSC”), he., APSC Rule 11(E),[2] that appears to be within the authority granted the APSC by Title 37, Ala.Code 1975.
This is not a case of Alabama Power’s applying the wrong rate to a customer’s bill when only one rate is lawfully available, misreading a meter, failing to properly apply a customer’s payment to an account, making a computational error, or otherwise “overcharging” a customer in a manner that can and does occur in commercial transactions generally. Because this case addresses the propriety of a practice that falls within the exclusive, original jurisdiction of the APSC, the action was not within the original jurisdiction of the circuit court. I therefore concur with the result reached by the main opinion in granting the relief requested.
Although I concur in the result reached by the main opinion, I do not concur in all respects with the analysis offered therein. Among other things, I note the discussion in the main opinion of Alabama Power Co. v. Patterson, 24 Ala.App. 558, 138 So. 417 (1931), rev’d, 224 Ala. 3, 138 So. 421 (1931), and Holloway v. Alabama Power Co., 568 So.2d 1245 (Ala.Civ.App.1990), and the conclusion reached from that discussion that Title 37 conveys exclusive jurisdiction to the APSC over actions by customers against public utilities, but not over actions by public utilities against customers. As I read these cases, however, their analysis and outcome — and a correct reading of Title 37 — look not to whether the action is one “against the utility” by a customer, or “against the customer” by the utility, but rather to the nature of the action. The issue is not who the defendant is; the issue is what the lawsuit is about.[3]
I also take this opportunity to comment on a practice noted by the main opinion to have been employed in this case, and that I have seen employed in some other cases, of using an attorney — here an administrative law judge for the APSC — to give “expert testimony” as to the law. As a general rule, lawyers’ arguments may guide a court to the law; witness testimony may not.
“[A]s a general rule, an expert witness may not testify as to questions of law such as the principles of law applicable *585 to a case, the interpretation of a statute, the meaning of terms in a statute, the interpretation of case law, or the legality of conduct. It is the role of the trial judge to determine, interpret and apply the law applicable to a case.”
France v. Southern Equip. Co., 225 W.Va. 1, 14-15, 689 S.E.2d 1, 14-15 (2010).
“Although witnesses may be permitted, in a proper case, to give an opinion on an ultimate fact involved in a case, witnesses may not give an opinion on a question of domestic law or on matters that involve questions of law; expert testimony proffered solely to establish the meaning of a law is presumptively improper. Thus, an expert or nonexpert opinion that amounts to a conclusion of law cannot be properly received in evidence, because the determination of such questions is exclusively within the province of the court.”
31A Am.Jur.2d Expert and Opinion Evidence § 117 (2002). See also 82 C.J.S. Evidence § 851 (2008) (“As a general rule, an expert witness may not give his or her opinion on a question of domestic law [as opposed to foreign law] or on matters which involve questions of law, and an expert witness cannot instruct the court with respect to the applicable law of the case, or infringe on the judge’s role to instruct the jury on the law.... An expert may not testify as to such questions of law as the interpretation of a statute, ... or case law, ... or the legality of conduct.”).
In significant measure, the testimony provided by the administrative law judge in this case went directly to a legal issue— whether the trial court had original jurisdiction over the dispute presented — that was for the trial court in its role as the finder of law, not an issue of law that presented itself as a “necessary operative fact.” See 32 C.J.S. Evidence § 851. The general rule stated above therefore was applicable. Accordingly, it is without the aid of the testimony of the legal expert in this case that I reach the legal conclusion that the exclusive, original jurisdiction over the plaintiffs claims is with the APSC.

. Rule 11 (E) addresses when a utility is under a duty to initiate a review of a customer's rate and advise a customer whether it is operating under the most advantageous rate plan. That rule states:
"Where more than one schedule of rates has been approved by the Commission for the same class of service, it shall be the duty of the Utility to advise the customer, upon request, the rate and schedule which is most advantageous to the customer for his requirements of service, based upon information furnished in writing to the Utility by the customer, which must be a part of the contract for service.
"In applying this Rule, the Utility shall not be required to effect more than one change in service in any twelve (12) month period, unless the customer makes a permanent change in his installation or operating conditions.”

. In particular, I note that the decision of the Alabama Supreme Court in Alabama Power Co. v. Patterson, 224 Ala. 3, 138 So. 421 (1931), is not apposite to the present case. That case turned on what schedule of rates applied to residential customers generally in the City of Mobile following a merger of three electrical-utility companies that resulted in the formation of what is now known as Alabama Power Company. Specifically, the question presented was which of the three predecessor companies’ rate schedules should apply to customers throughout Mobile following the merger, exactly the type of rate question that is consigned by the statute to the exclusive, original jurisdiction of the APSC. It was for this reason that the Supreme Court reversed the judgment of the Alabama Court of Appeals.