The People of the State of New York ex rel. South Shore Traction Company, Respondent, *v.* William R. Willcox et al., Constituting the Public Service Commission of the State of New York for the First District, Appellants.

The City of New York, Respondent.

Public service commission — right to appeal from order of Appellate Division reversing its determination — erroneous determination by commission.

The public service commission is entitled to prosecute an appeal from an order of the Appellate Division which annulled its determination denying an application by a railroad company for permission to construct and operate an extension of its road.

The public service commission determined that the public interest required the construction and operation of a railroad upon the route over which the relator had acquired a franchise, but recommended that the permission and approval of the commission be withheld because of the limitations imposed by the municipal authorities of the city of New York upon the franchise contract. *Held,* that so far as the consent of the municipal authorities to the construction of the proposed line may be limited by conditions which are in conflict with the provi-

1909.] People ex rel. South Shore T. Co. *v.* Willcox. 213

N. Y. Rep.]                    Statement of case.

sions of the Public Service Commissions Law, the statute must prevail and the public service commission was without authority to refuse to the relator the certificate provided for in section 53 of the Public Service Commissions Law.

*People ex rel. South Shore Traction Co.* v. *Willcox,* 133 App. Div. 556, affirmed.

(Argued October 11, 1909; decided October 26, 1909.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 22, 1909, which annulled a determination of the defendants denying the relator's application for permission to construct and operate an extension of its railroad and directed said defendants to grant such permission.

The facts, so far as material, are stated in the opinion.

*George S. Coleman, H. H. Chamberlain* and *Jesse F. Orton* for appellants. The public service commission has a right to appear in this court to defend its determination. (*People ex rel. Breslin* v. *Lawrence,* 107 N. Y. 607; *People ex rel. Burnham* v. *Jones,* 110 N. Y. 509; *Bryant* v. *Thompson,* 128 N. Y. 435.) The order of the Appellate Division annulling the determination of the commission and directing the issuance of a certificate under section 53 of the Public Service Commissions Law is appealable to this court. (*Matter of Wood,* 181 N. Y. 98.) The Appellate Division erred in holding that upon the application of a company pursuant to section 53 of the Public Service Commissions Law the commission was powerless to inquire into and to consider the terms and conditions of the franchise granted by the municipal authorities. (*Lord* v. *E. L. Assur.,* 194 N. Y. 212; *People ex rel. M. S. Ry. Co.* v. *Tax Comrs.,* 174 N. Y. 417; *Vil. of Fort Edward* v. *H. V. Ry. Co.,* 192 N. Y. 139; *Matter of T. F. S. R. R. Co.,* 102 N. Y. 343; *Adamson* v. *N. E. R. R. Co.,* 89 Hun, 261.)

*Clarence Lexow* for relator, respondent. The order is not appealable. (Code Civ. Pro. § 191; *Matter of Wood,* 181 N. Y. 93; *Matter of Thompson,* 127 N. Y. 463; *People*

*ex rel. O' Callahan* v. *French,* 123 N. Y. 636; *People ex rel. N. Y C. & H. R. R. R. Co.* v. *Public Service Comm.,* 195 N. Y. 157.) The public service commission was without power to take this appeal. (*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Public Service Comm.,* 195 N. Y. 158; *People ex rel. Steward* v. *R. R. Comm.,* 160 N. Y. 202.) Section 53 of the Public Service Commissions Law confers no authority on the appellants to disprove the exercise of relator's franchise on account of its terms and conditions. (*Matter of T. F. S. R. R. Co.,* 102 N. Y. 343; *Kittinger* v. *B. T. Co.,* 160 N. Y. 391; *Dailey* v. *N. R. R. Co.,* 52 App. Div. 272; *N. Y. C. & H. R. R. R. Co.* v. *A. A. I. E. R. R. Co.,* 178 N. Y. 75; *Matter of A., J. & G. R. R. Co.,* 86 Hun, 578; *People ex rel. Wood* v. *Lacombe,* 99 N. Y. 43; *N. Y. C. & H. R. R. R. Co.* v. *B. & W. E. R. Co.,* 96 App. Div. 471; *Vil. of Fort Edward* v. *H. V. R. Co.,* 192 N. Y. 139; *People ex rel. D. R. Co.* v. *Comm.,* 4 App. Div. 259; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Comm.,* 92 App. Div. 126; *Matter of Rochester, etc., T. Co.,* 118 App. Div. 521.)

*Francis K. Pendleton, Corporation Counsel (Theodore Connoly* and *Terence Farley* of counsel), for the city of New York, respondent. The attempt on the part of the public service commission to assert power to sit in review of the determination of the city authorities is not warranted by the provisions of the statute, both taken separately and looked at in connection with its context as a whole, and the other constitutional and legislative enactments relative to the powers of the board of estimate and apportionment. (*Matter of N. H. R. R. Co.,* 76 Hun, 76; *Matter of K., Q. & S. R. R. Co.,* 6 App. Div. 241; *Matter of L. I. R. R. Co.,* 11 App. Div. 233; *People ex rel. T. R. Co.* v. *R. R. Comrs.,* 53 App. Div. 61; 164 N. Y. 572; *Matter of T. T. R. R. Co.,* 116 App. Div. 56; *Matter of R., C. & E. T. Co.,* 118 App. Div. 521; *People ex rel. O. C. Bank* v. *Supervisors of Otsego Co.,* 51 N. Y. 401; *People ex rel. E. C. T. Club* v. *State Racing Comr.,* 190 N Y. 31.)

1909.] People ex rel. South Shore T. Co. *v.* Willcox. **215**

N. Y. Rep.] Opinion of the Court, per Willard Bartlett, J.

Willard Bartlett, J. We think that the public service commission is entitled to prosecute this appeal. (*People ex rel. Burnham* v. *Jones*, 110 N. Y. 509; Public Service Commissions Law, Laws of 1907, chap. 429, § 12.)

The Public Service Commissions Law took effect on July 1, 1907. It provided that on and after that date the board of railroad commissioners should be abolished. "All the powers and duties of such board conferred and imposed by any statute of this state shall thereupon be exercised and performed by the public service commissions." (Laws of 1907, chap. 429, § 80.)

By section 59 of the Railroad Law as it then existed it was provided that "no railroad corporation hereafter formed under the laws of this state shall exercise the powers conferred by law upon such corporations or begin the construction of its road until the directors shall cause a copy of the articles of association to be published in one or more newspapers in each county in which the road is proposed to be located, at least once a week for three successive weeks, * * *; nor until the board of railroad commissioners shall certify that the foregoing conditions have been complied with, and also that public convenience and necessity require the construction of said railroad as proposed in said articles of association." (Railroad Law, L. 1892, ch. 676, § 59.)

The power to grant or withhold a certificate of public convenience and necessity theretofore vested in the board of railroad commissioners was manifestly transferred to the public service commissions by the Public Service Commissions Law. Section 53 of that law also expressly provides, among other things, that no street railroad corporation shall begin the construction of a street railroad without first having obtained the permission and approval of the proper commission; "nor * * * shall any such corporation or any common carrier exercise any franchise or right under any provision of the railroad law, or of any other law, not heretofore lawfully exercised, without first having obtained the permission and approval of the proper commission. The commission within

whose district such construction is to be made, or within whose district such franchise or right is to be exercised, shall have power to grant the permission and approval herein specified whenever it shall after due hearing determine that such construction or such exercise of the franchise or privilege is necessary or convenient for the public service."

In the present case the South Shore Traction Company applied to the public service commission for the first district to approve the construction of a line of street railway from the boundary of Nassau county through Jamaica to Long Island City and across Queens borough bridge to Second avenue in the borough of Manhattan, covering a distance of thirteen miles in the borough of Queens and a mile and a half on the bridge. The application was referred to one of the commissioners who made a report upon the same which was subsequently adopted by the commission. Under the statute the determination therein contained so far as it dealt with matters of fact thus became the determination of the commission; for section 11 of the Public Service Commissions Law provides that all decisions of a commissioner shall be and be deemed to be the decisions of the commission when approved and confirmed by it. The report in effect determined that the public interest required the construction and operation of a railroad upon the route over which the relator had acquired its franchise; but it recommended that the permission and approval of the commission be withheld because of the limitations imposed by the municipal authorities of the city of New York upon the franchise contract. By these limitations, said the commissioner, "the applicant company is put in a position of control for street railway purposes over the only available thoroughfare between Long Island City and Jamaica for a period of fifty years and no provision is made by which this company can be compelled to build the extensions necessary for the full development of the territory upon this thoroughfare as the needs may arise."

For the reason thus set forth the public service commission refused to grant the statutory consent to the relator, not-

withstanding the fact which appears by the return to the writ of certiorari that the commissioners " were unanimous in believing that a railroad properly constructed and properly operated over the route described in the said franchise contract would under proper conditions be of great benefit to the community."

We think that the Appellate Division was right in holding that this return to the writ showed that the public service commission had in fact determined that the construction and operation of this proposed railroad was both necessary and convenient for the public service; and that having reached this conclusion, the public service commission was without authority to refuse its permission and approval to the construction of the railroad and the exercise of the franchise for the reasons assigned. Assuming, without deciding, that the powers of the public service commission under section 53 of the Public Service Commissions Law are broader than were the powers of the board of railroad commissioners in respect to certificates of public convenience and necessity, we think that there is no tenable construction of the existing statute which authorizes the public service commission to do what it has attempted to do in this case. The mere possibility of future contingencies which might arise in a period of fifty years could not properly be considered as reasons for declining to sanction the construction of a railroad line which, in the language of the commissioner who specially investigated the matter, is "admirably adapted to the development of a great territory within easy reach of the myriads who are now crowding Manhattan because they must live where they can have reasonable access to their work."

So far as the consent of the municipal authorities to the construction of the proposed line may be limited by conditions which are in conflict with the provisions of the Public Service Commissions Law, it is enough to say that the statute must prevail and such conditions are simply nugatory.

The Public Service Commissions Law is an advanced step in legislation of great importance to the community. The

construction and application of its provisions necessarily involve questions of difficulty. It is wise, therefore, in each case which arises under the statute to take great care to go no further in the expression of judicial opinion than is requisite for the decision of the precise issue presented. In this case we are clear that the Appellate Division was right in annulling the determination of the public service commission and in directing that it should grant to the relator the certificate or order of permission or approval provided for in section 53 of the Public Service Commissions Law.

The order should be affirmed, with costs.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, HISCOCK and CHASE, JJ., concur.

Order affirmed.