21 So.2d 436

## WHITE v. WHITE.

### 8 Div. 293.

Supreme Court of Alabama.

March 8, 1945.

W. A. Barnett, of Florence, for appellant.

508

Bradshaw & Barnett, of Florence, for appellee.

STAKELY, Justice.

This is an appeal from a decree granting Marvin White (appellee) a divorce from the bonds of matrimony from Ruby White (appellant) on the ground of voluntary abandonment. The decree is attacked on this appeal on three grounds, (1) the failure to file a note of testimony as required by Equity Rule 57, Code 1940, Tit.

7 Appendix; (2) the insufficiency of the evidence; and (3) the lack of power of the court to render the decree.

Equity Rule 57 is as follows:

"Note of testimony for submission for final decree. A note of submission, signed by each party to the submission or his attorney of record, showing the proof upon which he rests his case, shall be filed by the register at the time of a submission for a final decree; and nothing not noted on the note of submission shall be considered by the Court. But it is not necessary to note any testimony given orally before the judge in open court under Rule 56, if written out and filed in the cause.

"If in any case it becomes impracticable for such note of submission to be signed as above required, the register may make out and sign the note."

No note of testimony was filed in the cause. All of the witnesses testified orally before the judge in open court. The court rendered the decree of divorce on May 17, 1944. This appeal was taken on July 15, 1944. A transcript of the testimony, certified by the court reporter, who took it down in shorthand, was filed on July 22, 1944. It is contended that Equity Rule 57 was not complied with because the testimony was not "written out and filed in the cause" when the decree was rendered. If the rule was not complied with, there was obviously no testimony before the court which it could consider and on which it could base the decree. Lunday et al. v. Jones et al., 204 Ala. 326, 85 So. 411.

We consider, however, that the rule was complied with, when it is given a reasonable interpretation in the light of the language of the rule, the historical background of the rule and the purpose to be achieved by the present rule. In discussing Sections 6574 and 6575 of the Code of 1923 in connection with what was then Rule 75 of Chancery Practice, this court in the case of Allen v. Allen, 223 Ala. 223, 135 So. 169, 170, among other things said:

"And in Turner v. Turner, 193 Ala. 424, 431, 69 So. 503, 506, the court dealing with the purpose and scope of rule 75 of chancery practice, requiring the testimony in equity cases to be noted by the register, it was said: 'It may be conceded * * * that the rule has the force and effect of a statute, and that it is both mandatory and prohibitory, excluding from consideration any testimony not so noted, though the tes-

timony may be found among the papers in the cause. The effect of the rule is by reference in the note of testimony to make a record of the evidence in substitution for that afforded by the ancient practice of chancellors of reciting in their decrees at length the entire pleadings in the cause and the substance of the evidence contained in the depositions. Fletcher's Eq. Pl. & Pr. § 718. It serves the purpose besides of bringing to the chancellor's attention the evidence upon which the parties rely, and upon appeal to give this court indubitable information as to the evidence taken into consideration by the chancellor in arriving at the conclusion stated in his decree.'

"Therefore, testimony given ore tenus in an equity case as provided by the statute, and taken down in shorthand, when noted by the register as required by Chancery Rule 75, becomes a part of the record, and the parties, on proper motion, are entitled to have an order of the court requiring the stenographer to transcribe the same and file it in the case, the cost thereof to be taxed as in the case of other depositions. The court has power to make such order and perfect the record after an appeal has been taken."

It appears from the foregoing that the note of testimony under the former rule was to bring to the chancellor's attention the evidence upon which the parties relied and to make a record of the evidence so that this court upon appeal would have indubitable information as to the evidence on which the chancellor relied in rendering his decree.

■ No time is fixed in the present rule as to when the testimony must be "written out and filed in the cause" in order to dispense with the note of testimony. The present rule evidently takes into consideration the obvious fact that when witnesses testify orally before the court, such testimony is "within the breast of the court" and the court is then informed that, as to this testimony, the parties place reliance thereon. Hence so far as the trial court is concerned, when it renders its decree, the testimony need not then be written out and filed. But, when the case gets to the appellate court, the necessity for a record of the evidence is plain, because without a record of the evidence, there would be no evidence susceptible of review. We think it reasonable that the present rule is designed to give aid to the appellate court, which needs the aid. It does not contemplate a futile act and seek to give aid to the trial court, where no aid is needed. And so we think the rule was complied with in this case.

■ We have carefully considered the evidence in the case. No good purpose can be served by parading before the public the events which to the parties are so tragic and unfortunate. The court saw and heard the parties and witnesses in person. Custody of the child has been given to the mother and we assume that adequate provision has been made for the maintenance of the mother and child, since this feature of the decree has not been attacked. Under the familiar rule the decree of the lower court will not be disturbed, since we will not say that it is palpably wrong. Sills v. Sills, ante, p. 165, 19 So.2d 521.

■ The abandonment took place on March 5, 1943. The bill, charging voluntary abandonment of one year next preceding the filing of the bill, was filed on April 7, 1944. The court had the power to render the decree. Sills v. Sills, supra.

The decree of the lower court is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.