34 So.2d 465

**SOUTHERN COTTON OIL CO. et al. v. FINLEY.**

**8 Div. 390.**

Supreme Court of Alabama.

March 18, 1948.

Peach, Caddell & Shanks, of Decatur,. for appellants.

Julian Harris and Norman W. Harris, both of Decatur, for appellee.

352

**FOSTER, Justice.**

Defendants appeal from a decree overruling demurrers to a bill in equity. The bill was filed April 11, 1931. The demurrer was filed May 1, 1931. It was submitted for decree on the demurrer May 9, 1945, and decree was rendered July 19, 1945. The appeal was taken August 10, 1945, citation was perfected November 19, 1946. The transcript was filed August 20, 1947, and it was submitted January 20, 1948. None of the present lawyers were in the case at the outset.

There is much prolixity and surplusage in the bill. It is difficult to analyze it so as to try to find out what, if any, equity is in it. The briefs of the lawyers simplify that task for us, and we will treat it as they do.

Plaintiff, appellee here, had several crop mortgages for 1929, executed by one Norton. They are dated after January 1st of that year. They therefore passed the legal title to plaintiff of all the crops of which the mortgagor had the legal title. Section 9008, Code of 1923.

The purpose of the bill is to foreclose those mortgages. The question of whether they passed the legal title is important. The rule in equity is that the foreclosure of a chattel mortgage is not available unless some of the property was subject to seizure and sale at the time the suit is filed, and in possession of a party to the suit, when the mortgagee suing has the legal title to the property. Leeth National Bank v. Elrod, 233 Ala. 340, 172 So. 104; Callahan v. Auburn Production Credit Ass'n, 240 Ala. 104, 197 So. 347, 129 A.L.R. 893. If plaintiff has only an equity, or a lien, short of the legal title, he may proceed in equity, although defendant has disposed of it. Greil Bros. Co. v. Montgomery, 182 Ala. 291, 62 So. 692, Ann.Cas.1915D, 738; section 8935, Code of 1923, Code 1940, Tit. 33, § 1. And if the defendant has disposed of the property for value received, the equity court will fasten a lien on the value so received, and will enforce it, though it be money. Patton v. Darden, 227 Ala. 129, 148 So. 806; Webb & Aigner v. Darrow, 227 Ala. 441, 150 So. 357; Kelley v. Woodley, 228 Ala. 401, 153 So. 745.

The mortgages, here in question, not only conveyed the crops grown by Norton, the mortgagor, but also his interest or lien as landlord on crops grown by his tenants. As to such property, Norton only had a lien when the mortgages were made, and therefore his mortgage to plaintiff was to that extent a conveyance of an interest enforceable in equity as well as by statute at law. Ballard v. Mayfield, 107 Ala. 396, 18 So. 29; Gilliland Mercantile Co. v. Pond

Bros., 189 Ala. 542, 66 So. 480; Patapsco Guano Co. v. Ballard, 107 Ala. 710, 717, 19 So. 777, 54 Am.St.Rep. 131.

The bill does not clearly allege that any of the thirty bales of cotton alleged to have been received by defendant Southern Cotton Oil Company, was in the possession of any of the defendants when the bill was filed. Exhibits D and E to the bill show certain bales of cotton (presumably) all in the name of Norton and some other as having been received by the Southern Cotton Oil Company. Some are marked "sold," and some are marked "caught".

The discovery was for information as to the nature of the interest of each, and whether it had been sold when the bill was filed as to each bale. The bill alleges that plaintiff is ignorant of those details and incidents, and he has been unable to obtain information as to each from the Southern Cotton Oil Company, except as shown by the exhibits.

On special demurrer the presumptions are taken against complainant.

Its equity is dependent upon the fact that either (1) the Southern Cotton Oil Company had in its possession when the bill was filed some of the cotton covered by plaintiff's mortgage, to which plaintiff had the legal title, or that (2) it had obtained possession of some of the cotton on which plaintiff had only a lien or equitable claim, and either had it in possession when the suit was filed or had disposed of it for value received. The bill should make sufficient allegation in respect to one or the other, or both, of such alternatives as to justify an equitable suit in that respect, or make such allegation as will, on a claim available at law, support an equitable discovery. In order for such discovery to be available, it must be alleged that plaintiff did not know some facts essential to support the claim, and had no legal means of ascertaining and proving them, except by an answer of respondent: that is, in effect that such facts are peculiarly known to defendant. Cleveland Storage Co. v. Guardian Trust Co., 222 Ala. 210, 131 So. 634; Callahan v. Auburn Production Credit Ass'n, 240 Ala. 104, 197 So. 347, 129 A.L.R. 893.

The bill does not sufficiently set up an equitable right under claim (1) or (2), supra, and as to the discovery sought, we observe that at the time the bill was filed Norton was alive and was made a party to this suit. He is now dead, but his wife, as administratrix, is a party, but not contesting. Plaintiff presumably could then have proven by him all the matters inquired about. The bill does not show that he sought to find them out from him. Moreover, we are not told why he could not make that proof by the tenants themselves. So that the bill does not show that such information was not available except by a discovery. And as a bill for discovery, with no other equitable relief, it should have been sworn to. Cleveland Storage Co. v. Guardian Trust Co., supra; Equity Rule 12, Code 1940, Tit. 7, Appendix.

Defendant Harvey was made a party. Counsel say that he was manager of the Southern Cotton Oil Company, and was made a defendant for the purpose of discovery. If he was, this is sufficient to satisfy the rule in that respect. Boriss Const. Co. v. Deasey, 212 Ala. 528, 103 So. 470. We cannot find where the allegation is made in the bill that he is the manager, though no point is made as to that.

The appeal was taken by the Southern Cotton Oil Company and Harvey jointly. They severally and separately assign errors, without an order of severance. When the assignments are so made, severance is not necessary. Of course, if they are assigned jointly, some error must be prejudicial to them jointly. But when they are both appellants they may assign jointly or severally without an order of severance. Maya Corporation v. Smith, 240 Ala. 371 (20 and 23); 199 So. 549.

We think the bill is subject to demurrer, because it does not allege either (1) that the defendant was in possession of some of the property subject to foreclosure when the bill was filed, or (2) that as to some of it that was acquired by defendant, plaintiff had only a lien or equitable right, and defendant either still had some of it in possession, or had disposed of it for value received, and does not allege (3) the elements of an equitable discovery in aid of a legal demand.

354

We think the entire bill should be reconstructed and simplified, so that the court may more readily understand its elements. A decree will be here rendered reversing the decree of the trial court, sustaining the demurrer to the bill, and allowing plaintiff thirty days in which to amend the bill, if he so desires.

Reversed, rendered and remanded.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.