77 So.2d 357

Mable SMITH

v.

BANK OF BLOUNTSVILLE.

6 Div. 574.

Supreme Court of Alabama.

Jan. 13, 1955.

R. G. Kelton, Oneonta, for appellant.

Bland & Bland, Cullman, for appellee.

LIVINGSTON, Chief Justice.

This proceeding was instituted by the appellee, Bank of Blountsville, a Corporation, in the Circuit Court of Blount County, Alabama, in Equity, to foreclose a real estate mortgage, a copy of which was attached to the original bill as an exhibit. The mortgage was executed by Eugene Smith and his wife, Mable Smith, both of whom were made respondents in the cause. The evidence was taken orally before the trial court and resulted in the decree granting the relief prayed for in the bill of complaint. The final decree bears date of October 28, 1952.

The respondents, Eugene Smith and his wife, Mable Smith, filed what is denominated a motion to set aside the decree. (The proper procedure is an application for rehearing.) The motion, or application for rehearing, was overruled by the trial court on November 24, 1952. Thereafter, Mable Smith, one of the respondents below, made affidavit that she was a married woman, and owned an undivided one-half interest in the lands involved, that she was unable to make a bond for costs, and that she desired to appeal this cause to the Supreme Court of Alabama. Title 7, § 799, Code 1940. She is the only appellant of record here.

No testimony is incorporated in the transcript before us.

Appellant appears to have attempted to make a statement of the evidence under Title 7, § 827(3) of the 1940 Code of Alabama. However, the record plainly reveals that appellant did not comply with the provisions of said § 827(3), supra. Moreover, § 827(3) applies to civil cases at law and not to equity cases. Equity Rule 56, Code 1940, Tit. 7 Appendix,

is the applicable rule under the circumstances here involved.

Appellant assigns four alleged errors, which are as follows:

"1. The Court was in error in rendering a decree in favor of the complainants (Appellee) herein.

"2. The Circuit Court in Equity of Blount County, Alabama, was in error in not excluding the mortgage at the motion and request of appellant on the grounds that said mortgage was not properly and legally proved to have been executed by appellant.

"3. The Circuit Court of Blount County, Alabama, in Equity, was in error in considering said mortgage in evidence.

"4. The Circuit Court of Blount County, Alabama, in Equity, was in error in refusing to set aside his decree in said matter, on timely and proper motion of appellant, as is shown on page 15 of the transcript."

It was said in Thomas v. Thomas, 246 Ala. 484, 21 So.2d 321, 322:

"The appellant, in effect, invites us to review the sufficiency of the evidence to support the decree, or, in the alternative, to declare a reversal of the cause because the evidence was not transcribed and filed pursuant to Equity Rule 56, Code 1940, Tit. 7 Appendix. On the state of the record as presented, however, there is nothing before us for consideration.

"The holding has been settled, and without exception, that the absence from the record of evidence taken orally before the court, though noted, precludes a review on appeal of the propriety of the trial court's conclusions thereon. Gipson v. Hicks, 243 Ala. 617, 11 So.2d 461; Linn v. Linn, 242 Ala. 688, 8 So.2d 187; Allen v. Allen, 223 Ala. 223, 135 So. 169.

"It will be presumed that the omitted evidence justified the adjudication of the court (chancellor) on the various issues of fact presented. Wood v. Wood, 119 Ala. 183, 24 So. 841; Gipson v. Hicks, supra; Alabama Digest, Appeal and Error, ☞907(4).

"Equity Rule 56 does provide that when the testimony is taken orally 'the court trying the case must require the court reporter, or some other competent stenographer acting for him, to take down the testimony as delivered,' etc. and this proviso has been declared to be mandatory. Weatherwax v. Heflin, 244 Ala. 210, 12 So.2d 554; Campbell v. Rice, 244 Ala. 144, 12 So.2d 385.

"Nevertheless, this mandate of the rule does not preclude a waiver by the parties of the taking of the testimony by the reporter.

"Nor does it relieve the parties from the duty of taking appropriate action to require compliance, or of interposing due exception, in the event of the court's refusal to act pursuant to the mandate.

"There are cases where the parties might conceive it to be mutually advantageous to avoid the expense of a reporter, thereby obviating the necessity of action under the rule. From aught appearing, this may have been the case here, and under the usual presumption that the trial court acted in accordance with law, in the absence of a showing to the contrary (Cox v. Brown, 198 Ala. 638, 73 So. 964; Robertson v. State, 29 Ala.App. 399, 197 So. 73, certiorari denied 240 Ala. 51, 197 So. 75; 5 C.J.S., Appeal and Error, § 1533, page 264), we will so assume."

■ For aught appearing here, the trial court acted in accordance with the law in the absence of a showing to the contrary.

The first three assignments of error are obviously without merit for the simple reason that the evidence is not before this court. See authorities, supra.

The fourth assignment of error is equally unavailing to the appellant.

The case was one in equity, and while respondents' motion is referred to as a

motion for a new trial, it is more properly designated as an application for rehearing under Chancery Court Rule 62, Tit. 7, Code 1940, p. 1097 (old Chancery Rule 81). Ex parte Upchurch, 215 Ala. 610, 112 So. 202; Johnson v. Johnson, 215 Ala. 434, 111 So. 7. See also Rudolph v. Rudolph, 251 Ala. 317, 36 So.2d 902, and cases therein cited.

■ Rehearing, in equity, rests in the sound discretion of the trial court, and when the discretion is exercised, his discretion is not revisable, either on appeal or by mandamus. Ex parte Upchurch, supra.

We find no error in the record and the decree is due to be, and is, affirmed.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.