86 So.2d 279

George M. HARBIN et al.

v.

Caine O'REAR.

6 Div. 999.

Supreme Court of Alabama.

March 22, 1956.

Rankin Fite, Hamilton, for appellants.

Bankhead & Petree and Caine O'Rear, Jr., Jasper, for appellee.

PER CURIAM.

This cause came here on appeal by respondents from a decree overruling the demurrer to a bill in equity.

The purpose of the bill is to foreclose a mortgage. The allegations of the bill sufficiently show the execution of a mortgage in which there was default in its payment specifying the amount thereof. That is the only purpose of the bill and it has but one aspect.

The demurrer to so-called aspects is without application. The grounds of the demurrer are in substance that there is a want of equity in the bill; that there is a plain and adequate remedy at law; and that no consideration for the indebtedness is shown.

The bill describes the property embraced in the mortgage, which is in the main personal property. But it also includes "improvements that have been placed upon the SE¼ of Section 10, Township 12, Range 12 in Marion County, Alabama, under that certain described lease" of land which interest has been assigned to said mortgagors. It then describes several buildings, much machinery and other personal property. We understand that to include interests in real estate as well as personal property.

We do not find in the allegations of the bill that any of the respondents are in possession of any of the property subject to the mortgage foreclosure. It has been repeatedly held by this Court that if a mortgage passes the legal title to personal property, as it usually does, the foreclosure of a chattel mortgage is not available in equity unless some of the property is subject to seizure and sale at the time the suit is filed and the property is in possession of a party to the suit. Hanson v. Luther, 229 Ala. 256, 156 So. 771; Leeth National Bank v. Elrod, 233 Ala. 340, 172 So. 104; Callahan v. Auburn Productive Credit Ass'n, 240 Ala. 104, 197 So. 347, 129 A.L.R. 893; Southern Cotton Oil Co. v. Finley, 250 Ala. 350, 34 So.2d 465.

We think the nature of the property described shows that real estate interests as well as chattels are included in the mortgage. The adequacy of the remedy at law is not available under those circumstances to defeat jurisdiction in equity to foreclose. The demurrer does not point out the particular which it is claimed shows a want of jurisdiction of equity to foreclose. If it is clear that only personal property is included in the mortgage which conveys the legal title, the bill to foreclose is subject to demurrer if it does not show that some of the property is in esse and in possession of at least one of the respondents. If there is a defect in that respect, it should be pointed out in the demurrer; but it is not subject to a general demurrer on that account.

There is sufficient allegation of consideration for the mortgage. There can be no indebtedness without a valuable consideration. The bill also alleges an indebtedness.

There was no error in the decree overruling the demurrer. But the status of the record is such that we cannot review the decree, notwithstanding we have given expression to our views with respect to it.

On August 20, 1955 a decree was rendered by the circuit court, in equity, overruling a demurrer to the bill of complaint. On September 8, 1955 an appeal was taken to this Court and bond given and approved by the register. Under Revised Supreme Court Rule 37, effective June 1, 1955, the transcript should have been filed in this Court within sixty days after the appeal was taken. It was not filed within that time, and not until January 12, 1956. Appellee has made a motion to dismiss the appeal on that ground. On December 23, 1955 appellants filed a motion in this Court for an extension of time within which the transcript might be filed on the ground that the register was on vacation and would not return until January 5, 1956, and that the transcript had not been completed and was not ready for certification.

The cause was submitted here on those two motions. Rule 37, supra, provides that the trial judge may extend the time for filing the transcript in this Court for good cause shown, but not to exceed thirty days. Thereafter the time for filing may be extended only by this Court for good cause shown upon petition, etc.

There is a difference of opinion among the justices in the interpretation of Rule 37, supra, as to whether this Court

can make an extension of the time in which the transcript must be filed in this Court only when application for such extension was first made to the trial judge and acted on by him not later than thirty days after the expiration of the sixty-day period. Supreme Court Rule 37, effective June 1, 1955, has now been amended in that respect, but the amendment is not here applicable. The Court finds that it is not necessary at this time to make a ruling as to the meaning of Rule 37 then effective in that respect, as there is no difference of opinion among the justices that the motion made for such extension does not show good cause for doing so. Therefore, the motion for an extension is denied and the motion to dismiss the appeal must be granted.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

Motion for extension of time denied; motion to dismiss appeal granted.

LIVINGSTON, C. J., and LAWSON, GOODWYN and MERRILL, JJ., concur.