131 So.2d 172

ALABAMA PUBLIC SERVICE COMMISSION et al.

v.

AAA MOTOR LINES, INC.

3 Div. 845.

Supreme Court of Alabama.

March 23, 1961.

Rehearing Denied June 22, 1961.

364

John Patterson, Atty. Gen., and Wm. C. Younger, Asst. Atty. Gen., for the Commission.

Maurice F. Bishop, Birmingham, for intervenors.

Godbold, Hobbs & Copeland, John C. Godbold, Montgomery, for appellee.

COLEMAN, Justice.

The appellee has filed "Motion to Strike Transcript and Dismiss Appeal." This motion, as argued by appellee, appears to rest on two propositions.

First, appellee insists that the transcript must be stricken because the transcript of evidence was not filed in the office of the register by the court reporter within sixty days from the date on which the appeal was taken as provided by Act No. 97, Acts of 1956, 1st Sp.Sess., page 143, which appears in Pocket Parts, Code 1940, as Title 7, § 827(1). As we understand appellee's reply brief in support of the motion, appellee concedes, and we think correctly, that filing the transcript of evidence by the court reporter in equity cases is not governed by Act No. 97, supra, but is governed by § 769, Title 7, Code 1940, and Rule 37, of the Revised Rules of Practice in the

Supreme Court as amended February 17, 1956, Appendix to Title 7, Code 1940. Smith v. Bank of Blountsville, 262 Ala. 65, 77 So.2d 357.

■ This court has said that no time was fixed in Equity Rule 57 prior to amendment in 1945, as to when the testimony must be "written out and filed in the cause" in order to dispense with the note of testimony. White v. White, 246 Ala. 507, 21 So.2d 436, 437. Neither § 769, Title 7, nor Supreme Court Rule 37 sets a time within which the court reporter must file the transcript of evidence in the office of the register on an appeal in an equity case. Provision is made by Rule 37 and § 769, supra, as to time for filing the entire transcript in this court on an appeal in equity. It is obvious that the transcript of evidence cannot be inserted in the record and filed in the Supreme Court by the register until it has first been filed in his office by the court reporter. If any requirement as to time of filing is to be placed on the reporter, amendment of rule or statute would appear to be necessary.

Second, appellee insists that the transcript (we understand the entire transcript filed here) must be stricken because it was not filed in the office of the Clerk of the Supreme Court within sixty days of the taking of the appeal.

Appeal was taken July 1, 1958. On August 22, 1958, the trial judge made an order extending for thirty days the time for filing the record in the Supreme Court. The record was filed here September 29, 1958, which was the last day of the extended time. Supreme Court Rule 37 recites in pertinent part:

"* * * The trial judge may extend the time for filing transcript of the record in this court for good cause shown for not to exceed thirty days, and this extension may be made within the thirty additional days, provided that in no event shall such extension project the time for filing the transcript beyond ninety days. Thereafter the time for filing in this court may be extended only by this court for good cause shown upon petition in writing of which adversary counsel must have ten days' notice. * * *." 263 Ala. XXI.

The order of August 22, 1958, recites:

"On motion of the Register, requesting additional time in which to prepare and file the Transcript of Appeal in the above styled cause, it is,

"Ordered by the Court That the time for filing the Transcript of Appeal in the Supreme Court of Alabama, be, and hereby is extended for thirty days from the date said transcript is due to be filed in said Supreme Court."

Appellee argues that the order of the trial judge made August 22, 1958, is invalid because the record fails to show: (1) an application in writing for extension, (2) that appellee had notice, or (3) good cause for granting the extension.

■ (1) Rule 37 expressly provides for a "petition in writing" when application is made to the Supreme Court for extension, but the rule does not so provide when such application is made to the "trial judge." If it had been intended to require a petition in writing to the trial judge, the rule could, and presumably would, have so provided. The expression of one thing is the exclusion of another. Because the rule expressly requires a written petition in one instance and omits that requirement in the other instance, we are of opinion that Rule 37 does not require a petition in writing where application for extension is made to the trial judge.

■ (2) Likewise, the rule expressly provides that "adversary counsel must have ten days' notice" when the application for extension is made to "this court," but omits the requirement of notice to the adversary when the application is made to the "trial judge." Consequently, we are of opinion

that Rule 37 does not require notice to the opposing counsel where application for extension is made to the trial judge.

(3) Rule 37 provides that the trial judge may extend the time "for good cause shown." As already stated, the rule does not require a written petition or notice to adversary counsel when application for extension is made to the trial judge. The rule does require a written order of the trial judge extending the time. The rule does not, however, require the order to state the "good cause" on which the order is based.

In Harbin v. O'Rear, 264 Ala. 190, 86 So.2d 279, cited by appellee, the application considered was that made to this court, not to the trial judge. Rule 37 provides that "this court for good cause shown upon petition in writing" may grant extension of time. The rule does not require that the good cause shown to the trial judge must appear in the record. In Harbin v. O'Rear, supra, the rule applied was the requirement that good cause must be shown in the petition to this court, and for failure so to show good cause the extension was denied and the appeal was dismissed. That rule does not apply here where we are considering the application to the trial judge.

It is established that error will not be presumed. In the absence of a contrary showing, the presumption on review is that the trial court acted in accordance with the law. Crossley v. Davies, 253 Ala. 275, 44 So.2d 439. In the absence of a showing that the action of the trial judge in extending the time was arbitrary or capricious, we will presume that good cause was shown for his granting of the extension. Because a valid extension was granted by the trial judge, the record was timely filed in this court and the motion to dismiss the appeal is due to be and is denied.

On the Merits.

This is an appeal by respondents from a decree of the circuit court declaring void an order of the Alabama Public Service Commission. The complainant is a common carrier by motor vehicle operating under certificate issued by the Commission. The Commission is the respondent named in the bill. Competing carriers intervened in the declaratory proceedings and are appellants also.

On June 18, 1957, complainant, herein sometimes referred to as AAA, filed its bill of complaint. The bill avers that prior to January 7, 1957, AAA held Certificate No. 936, issued by the Commission, authorizing AAA to transport general commodities as a common carrier between Birmingham and Dothan via U.S. Highway 231, and to serve all intermediate points, and, in addition thereto, to render service between (1) Dothan and Slocomb, (2) Dothan and Enterprise, and (3) Dothan and Abbeville; and that prior to and on January 7, 1957, AAA was authorized to transport and did transport commodities to, from, and between all points lying between all points heretofore mentioned. On petition of AAA, and after hearing, the Commission, on January 7, 1957, amended Certificate No. 936 by an order which recites in pertinent part as follows:

"'It is hereby found as follows:
"'That the present and future public convenience and necessity require the service hereinafter authorized and that applicant is fit, willing and able to properly perform such service and to conform with the provisions of the Alabama Motor Carrier Act of 1939 and the requirements, rules and regulations of the Commission thereunder; * * *

"'That an amendment to applicant's certificate of public convenience and necessity should be issued granting the authority sought in this cause to the extent hereinafter set forth; * * *

"'It Is Therefore Ordered by the Commission, That Certificate of Public Convenience and Necessity No. 936

be, and the same is hereby, amended to include in addition to the authority now contained therein authority to operate as a common carrier of general commodities, except liquid commodities in bulk, in tank trucks, over regular routes as follows:

" 'Commencing at Slocomb, Alabama, on Alabama Highway No. 12, thence over Alabama Highway No. 12 via Hartford, Geneva, Samson and Opp to Andalusia; thence to Florala via Alabama Highway No. 55; thence Opp over U. S. Highway No. 84 to Elba; thence Elba over U. S. Highway No. 84 to Enterprise; thence Elba, Alabama, over Highway 15 to Troy, Alabama; also from Florala, Alabama, over Alabama Highway 54 to the intersection of Highway 12 about 3 miles northwest of Samson, Alabama; serving off-route points of Shorterville and radius of eight miles, including Dam site in Alabama, over Alabama Highway No. 10. * * *' "

On a petition for reconsideration of the order of January 7, 1957, the Commission, on April 23, 1957, made an order finding as follows, to wit:

"The Commission has considered all of the testimony of record and the argument of counsel thereon and finds as follows:

" '1. That the present and future public convenience and necessity require the service authorized by the original order in this cause issued January 7, 1957, and that the applicant is fit, willing and able to properly perform such service and to conform with the provisions of the Alabama Motor Carrier Act of 1939 and the requirements, rules and regulations of the Commission thereunder, subject however, to the following terms, conditions and limitations in the exercise of the privilege granted herein and by the original order dated January 7, 1957, to wit: " 'The authority contained in said order of January 7, 1957, may not be used in combination with the authority contained in Certificate No. 936 prior to January 7, 1957, in performing service between points theretofore authorized to be served in said Certificate No. 936, on the one hand, and those authorized to be served by the said order of January 7, 1957, on the other hand. * * *' "

The April order further provided that the order of January 7, 1957, be amended "so there shall be attached to the exercise of the privilege granted thereby the" limitation above set out in the finding of April 23, 1957; and further provided "That except as herein provided the said order of January 7, 1957, shall remain as entered." The parties appear to agree that the aforesaid averments are true.

The bill avers that there is "subsisting an actual controversy between" the parties and prays for a declaration that the restriction contained in the order of April 23, 1957, is null and void, and that AAA is authorized under its amended certificate to transport commodities between the points named in the certificate prior to January 7, 1957, and in addition thereto to the points described in the order of January 7, 1957.

The answer of Commission and intervenors, as last amended May 19, 1958, avers that the order of April 23, 1957, was duly promulgated on rehearing as provided by statute, Title 48, § 301(1), et seq., Code 1940 (Pocket Parts), and denies that the order of April 23, 1957, is unreasonable, unlawful, or arbitrary in any respect. The answer denies the existence of an actual controversy, and avers further that during the pendency of the declaratory suit, AAA has filed with the Commission an application seeking general authority over routes between the same points with removal of the limitations in the order of April 23, 1957. The answer prays that the bill be dismissed and denied.

The circuit court granted the relief prayed for by AAA. The Commission and

the intervenors have appealed. The decree appealed from was rendered, after hearing, on testimony heard ore tenus and documentary evidence submitted by the parties.

Appellants argue that the circuit court erred in assuming jurisdiction and rendering declaratory judgment where no appeal was taken from the order of April 23, 1957, as provided by the Act approved July 5, 1940, 1939 Acts, page 1087; Pocket Parts, Code 1940, Title 48, § 301(27); which provides that appeals must be taken within thirty days after the date of the final order of the Commission. The instant bill was filed more than thirty days after the order of April 23, 1957. Appellants' argument is based on the rule that an action for declaratory judgment cannot be made a substitute for appeal. That rule has been declared to be the law by this court. Mitchell v. Hammond, 252 Ala. 81, 39 So.2d 582; Howle v. Alabama State Milk Control Board, 265 Ala. 189, 90 So.2d 752. If the rule were otherwise, a declaratory proceeding would lie to determine whether a prior declaratory proceeding was erroneous, and there would be no end to that kind of litigation. The purpose of a declaratory judgment is to declare rights not theretofore determined and is not to determine rights previously adjudicated. Back's Guardian v. Bardo, 234 Ky. 211, 27 S.W.2d 960; Ferree v. Ferree, 273 Ky. 238, 115 S.W.2d 1055. The reasoning appears to be that when a controversy has once been adjudicated by a tribunal having jurisdiction of parties and subject matter, the controversy is no longer an actual one under the declaratory judgment act. 154 A.L.R. 743.

The circuit court in the instant case decided that declaratory relief was not barred because of any right of appeal from orders of the Commission, and we agree with that decision.

The relief here sought was not a review of the propriety of the order of the Commission as such propriety might be determined on an appeal. The question posed by the contentions of AAA is whether the order is reasonable or unreasonable. Expressed another way, the question is whether the order of the Commission is ambiguous or unambiguous.

There is no contention that the order of April 23, 1957, is void because the Commission lacked jurisdiction of either parties or subject matter. The contention is that the restriction imposed by the matter added on April 23, 1957, is unreasonable. The trial court found the restriction to be "contradictory and self-negating." The decree recites:

"The effect of the restriction imposed by the Commission's order of April 23 was to limit AAA's service in the new area to intra-town service between the town(s) therein, since AAA was restricted from operating to or from any point in the new area from or to any point it had rights to serve before the extension of January 7 was granted. Thus service by AAA for the affected towns to and from urban areas was wholly eliminated. In lieu thereof the Commission authorized a service which AAA had not sought and the need and convenience of which was wholly unsupported by the evidence. The Commission did this without taking any additional evidence. The effect of the restriction was to nullify the finding of the Commission made in its order of January 7, and repeated in its order of April 23, that public convenience and necessity required the service authorized by the order of January 7, for the service as restricted was in practical effect no service at all.

"The Court also finds that it is necessary to construe the order of April 23. This order reiterated the finding of January 7 that public convenience and necessity required the extension of service, found the applicant ready, willing and able to render the service, then contained a finding (and an order

based thereon) as to the restriction. The authority of the Commission under Code of 1940, Title 48, Section 301(10), to place restructions on certificates is limited by requirements that restrictions be reasonable and be required by public convenience and necessity. The finding in the order of April 23 as to a limitation is not in terms of public convenience and necessity at all, and in any case, it is obviously in conflict with the finding that the extension of service is required, since the limitation makes wholly illusory the service found to be required. For example, AAA's privilege to extend service to the Ft. Gaines Dam Area (Shorterville) is *a* non-existent since the only road to Shorterville is from Abbeville, the nearest town, which is a point served by AAA before its rights were extended, therefore AAA cannot haul from Abbeville to Shorterville. * * *."

An inspection of the orders of January 7 and April 23 shows, as we view it, an ambiguity on the face of the orders. For example, prior to January 7, by Certificate No. 936, AAA was authorized to transport commodities between Dothan and Slocomb. Slocomb is thus a point "theretofore authorized to be served in said Certificate No. 936" prior to January 7, 1957. The order of January 7 amended the certificate to include "authority to operate * * * over regular routes as follows: Commencing at Slocomb * * * thence * * * via Hartford, Geneva, Samson and Opp to Andalusia; * * *." The order of April 23, however, imposed the limitation that "The authority * * * in said order of January 7, 1957, may not be used * * * in performing service between points theretofore authorized to be served in said Certificate No. 936 * * * and those authorized to be served by the said order of January 7, 1957 * * *." The order of January 7 authorizes service from Slocomb to Andalusia, but the restriction of April 23 forbids service from a point "thereto-

fore authorized to be served," one of which is Slocomb, to a point "authorized to be served by the said order of January 7," one of which is Andalusia.

The same ambiguity appears with respect to Enterprise, Troy, and Abbeville. All three are points "theretofore authorized to be served." The January 7 order authorizes service: from Elba, a new point, to Enterprise; Elba to Troy; and to "off-route points of Shorterville and radius of eight miles * * * over Alabama Highway No. 10." The map placed in evidence shows only one road to Shorterville, also a new point, and that road runs from Abbeville. The April 23 limitation forbids service from points "theretofore authorized to be served," to the new points. Thus the January 7 order gives authority to transport from Enterprise, Troy, and Abbeville to new points, but the April 23 order takes away the authority conferred. The January order and the April order are contradictory. The orders cannot coexist, the latter nullifies the former.

This court has previously entertained appeals in declaratory proceedings to construe certificates issued by the Commission. Smith Transfer . Co. v. Robins Transfer Co., 258 Ala. 406, 63 So.2d 351; Deaton Truck Line v. Birmingham-Tuscaloosa-Mobile Motor Freight Line, 264 Ala. 345, 87 So.2d 421; and has construed certificates in declaratory proceedings where injunctive relief was also sought, Martin Truck Line v. Alabama Tank Lines, 261 Ala. 163, 73 So.2d 756. Appellants appear to concede that declaratory relief is available to construe the orders of the Commission here involved because their brief states:

"* * *. We do not take the position that a declaratory judgment action will not lie to construe an order of the Commission, but we take the firm position that an appeal cannot be taken under the guise of a declaratory judgment action, and the court cannot

proceed in such a declaratory judgment action to amend a part of the order of the Commission."

Our review here, and the review in the circuit court in a declaratory proceeding, is not controlled by the principles which are applicable where there is an appeal from an order of the Commission, and the question here is simply one of construction of the orders. Smith Transfer Co. v. Robins Transfer Co., supra.

We have undertaken to show that the trial court correctly found that the grant and the limitation placed on the grant are contradictory. The real question is whether the circuit court correctly set aside part of the order and left part of the order in effect.

We are of opinion that the January order and the April order together constitute one order of the Commission. After the January order was made, interested parties made application for reconsideration as provided by statute. As we understand the contentions of the parties, it is not controverted that the statute authorizing reconsideration was fully complied with in all respects. The final order of April embodies the order of January, as modified, and is one order, analogous to the judgment or decree of a court on rehearing, or a legislative act as finally passed after reconsideration by a legislative body. This conclusion is supported by the statute authorizing reconsideration which recites in pertinent part as follows:

" * * *. If, after such reconsideration or rehearing, it shall appear that the originial decision, order, or requirement is in any respect unjust, or unreasonable, the commission may reverse, change, or modify the same accordingly. Any decision, order, or requirement made after such reconsideration or rehearing shall be subject to the same provisions as an original decision, order or requirement, provided, however, it shall not be subject to any further ap-

plication for reconsideration or rehearing by the commission." Act No. 669, Acts of Alabama 1939, page 1064, approved July 5, 1940; § 301(5), Title 48, Code 1940, Recompiled 1958.

The circuit court held the April order void and of no effect, and that AAA is authorized to transport as defined and described in the January order. As already stated, the order of the Commission is the April order and the January order taken together. So, the question is, can a court, in a declaratory proceeding, declare invalid merely a part of an order of the Commission, or must the court declare the entire order invalid.

In a declaratory proceeding to construe a decree of the Mobile Circuit Court rendered on appeal from an order of the Commission, this court held that a part of the decree of the Mobile court could be declared void without invalidating the whole decree; Avery Freight Lines v. Persons, 250 Ala. 40, 32 So.2d 886; but this court also held in the same case that the Mobile court did not have power to decree that a carrier could operate on all roads in the State because such an adjudication was beyond the power of the court and was void. This court held further that the decree of the Mobile court, in effect, set aside the order of the Commission and remanded the case to the Commission, although the decree did not provide for remandment.

So in the case at bar, if it were a statutory appeal from the Commission's order, the circuit court could not decree that AAA has authority to transport in accordance with the January order, but could merely remand to the Commission for further proceedings in accordance with the court's decree. Although declaratory proceedings are not controlled by the same principles which apply on statutory appeals to review an order of the Commission, we do not think that in a declaratory proceeding the court can declare that a carrier has an authority without limitation where the Commission

has undertaken to limit the authority. We are of opinion that the limitation here is such that it negates the very authority granted, but we do not think the court can, by construing the order, grant an authority which the Commission has not granted.

In the exercise of its supervisory or executive powers over public utilities, the Commission possesses quasi-legislative powers, such as the granting of franchises. Avery Freight Lines v. White, 245 Ala. 618, 18 So.2d 394, 154 A.L.R. 732. The orders here in question purport to grant a franchise and were made by the Commission in the exercise of quasi-legislative power. As such orders, they are subject in some respects to the rules of statutory construction. We are not unmindful of the rule that such orders are analogous to judgments in some aspects relating to interpretation. Murray v. Service Transport, 254 Ala. 683, 49 So.2d 221. The rule of construction is that if the invalid section may be stricken from a legislative act, leaving a statute complete in itself, sensible and capable of being executed, the striking of the invalid section does not overthrow the entire act. Hall v. Underwood, 258 Ala. 392, 63 So.2d 683. The rule also is, however, that if by striking out a void restrictive clause, the remainder of an act, by reason of its generality, will have a broader scope as to subject or territory, its operation is not in accord with the legislative intent and the whole act would be affected and made void by the invalidity of such part; and, if a clause which violates the Constitution cannot be rejected without causing the act to enact what the legislature never intended the whole statute must fall. Wilkinson v. Stiles, 200 Ala. 279, 76 So. 45.

If the restriction here imposed in April be eliminated, the final order of the Commission will grant to AAA an unrestricted authority to operate between points authorized to be served prior to January and points named in the January order. The Commission has not granted such unrestricted operating authority, and we cannot find from the order that the Commission intended to grant it. As a result, the April restriction cannot be rejected without causing the remainder of the order to grant authority the Commission never intended to grant. Consequently the entire order must fall.

AAA appears to argue that the appeal provided for by statute does not afford adequate relief because on appeal "the courts are ousted from setting aside or vacating a part of a public service commission order." AAA argues that "such a principle is one of the basic reasons why an appeal offered no relief or remedy to plaintiff here." The authority of the court on such an appeal is stated in Avery Freight Lines v. Persons, supra. One thing the court can do on appeal is to remand the case to the Commission for further proceedings in conformity with the direction of the court. The court does not have that power in the instant declaratory proceedings. If, however, the court did not have such power on appeal, we do not understand how that lack of power on appeal would, in a declaratory proceeding, confer on the court power to grant operating authority which the Commission has not granted. In People ex rel. South Shore Traction Co. v. Willcox, 196 N.Y. 212, 89 N.E. 459, cited by AAA, on review by certiorari of an order of the New York Public Service Commission, the court found that denial of a certificate was unjustified. The court did not, however, undertake to grant the certificate but directed the Commission to grant it. The review on certiorari appears to have been comparable to our statutory appeal and was not a declaratory proceeding. The cited case does not hold that a court in a declaratory proceeding can invalidate part of an order and leave part in effect where the result is to grant an operating authority which the Commission has not granted.

With exception not here applicable, no carrier can operate in intrastate

commerce on the highways of this State unless the carrier first secures the proper certificate or permit, and that certificate or permit must be issued by the Public Service Commission. Avery Freight Lines v. Persons, supra.

■ The orders of the Commission are subject to construction by the courts, but it is to the Commission and not the courts that applications for changes in the *wording* and *meaning* of certificates should be addressed, Deaton Truck Line v. Birmingham-Tuscaloosa-Mobile Motor Freight Line, supra.

In short, the January order gave and the April order took away operating authority. Consequently the orders have no effect. The Commission has power to grant operating authority but the courts do not have that power, and, therefore, the courts cannot rewrite the orders so as to grant authority the Commission has not granted.

The decree appealed from is affirmed in the holding that the orders of January and April taken together are ambiguous and void for uncertainty, but the decree is reversed as to the holding that AAA has the right to exercise the authority granted in the January order without restriction or limitation. It does not appear that any good purpose would or could be served by remanding the cause and a decree will be here rendered in accordance with this opinion.

Affirmed in part and in part reversed and rendered.

LIVINGSTON, C. J., and SIMPSON, STAKELY and GOODWYN, JJ., concur.

MERRILL, J., would affirm the decree of the lower court and, therefore, dissents.