MOORE, Chief Justice
(concurring in the result).
In my view, Act No. 2009-546, Ala. Acts 2009 (“the Act”), is invalid under the Alabama Constitution as an unadvertised local law. Accordingly, this Cotirt need not reach the equal-protection or severability issues. However, I do agree with the main opinion that if those issues are addressed, the Act is unconstitutional in its entirety.

Discussion

In its final order dated November 1, 2013, the trial court addressed the question whether the Act violated the general-law/local-law provisions of the Alabama Constitution. As the trial court explained, the Act, as originally prefiled in the House of Representatives for the 2009 legislative session, was a-general bill with statewide application. “A general law is a law which in its terms and effect applies either to the whole state, or to one or more municipalities of the state less than .the whole in a class.” Art. IV, § 110, Ala. Const.1901. On March 12, 2009, however, the House amended the bill to exclude by name Blount, Clay, and Randolph Counties from its operation. After approval by both the House and the Senate and an override of a gubernatorial veto, the bill, as amended, was enacted into law and became effective on May 14, 2009.
The bill as enacted contained the three-county exclusion originally added by amendment in the House. Because in its final form the Act does not apply to the whole state or to an entire class of municipalities, it is a local law. “A local law is a law which is not a general law....” Art. IV, § 110, Ala. Const.1901. As the trial court noted, the “amendments took Act 2009-546 from being a general act to a local act by and through the exclusion of Randolph, Clay and Blount counties.” The Alabama Constitution, however, prohibits the legislature from passing a local law that regulates alcohol “unless notice shall have been given as required in section 106 of this Constitution.” Art. IV, § 104(31), Ala. Const.1901. Section 106, Ala. Const. 1901, mandates that a local law not specifically excluded by § 104 must be advertised prior to its introduction as a bill in the legislature. “The courts shall pronounce void every ... local law which the journals [of each house of the legislature] do not affirmatively show was passed in accordance with the provisions of this section.” Art. IV, § 106.
The trial court specifically found that the Act, a local’law, was never advertised and that it thus violated § 106. The trial court also found, however, that, under the authority of Densmore v. Jefferson Coun *76 ty, 813 So.2d 844 (Ala.2001), the subsequent Modification of the Act before the filing of this action cured the constitutional, infirmity. In Densmore, this Court affirmed “[t]he principle that all infirmities of legislative procedure in enacting unoriginal act are cured when that act is incorporated into a code.” 813 So.2d at 851.
The holding in Densmore, however, as it applies to the adoption of annual revisions to the Code by incorporation of legislation passed at the previous legislative session into a general codification act, is over-broad. In Ex parte Coker, 575 So.2d 43 (Ala.1990), this Court stated that the principle of curing otherwise unconstitutional enactments by recodification of the Code in which they are included applies only to the “process of adopting an entire Code” such as “the process by which the Codes of 1940, 1923, 1907, 1896, 1886, 1876, 1867, and 1852 were adopted.” 575 So.2d at 50. Thus, legislative action that adopts a Code in its entirety is far more than -a mere annual update that adds one or more replacement volumes and supplements to an existing Code.
“[A] bill ‘adopting’ a Code was and is limited to the class -known as such in the constitutional and legislative history of the state.” Gibson v. State, 214 Ala. 38, 43, 106 So. 231, 235 (1925). The Code of 1975 is the last such Code that fits this description. The “codification” of Act No. 2009-546, however, under the annual-codification process adopted by the legislature -to evade the strictures of Coker[5] is not an adequate Code revision for the purpose of curing constitutional defects. The Coker Court explained that the legislature’s official adoption by statute of “successive cumulative supplements” is not the equiva-* lent of adopting a new Code: “While there has been some revision, usually correction of grammatical or typographical errors, of the supplements in each of these acts, there is' no indication that the manuscripts have undergone the systematic review by. the legislature that is undertaken upon the adoption of a Code.” 575 So.2d at 51.
-The process of global revision, the creation of an entirely new and comprehensive state Code, “is also that process that the Court had in .mind when it stated that ‘[a]ll infirmities of legislative procedure in enacting an original act are cured when that act is incorporated into a code and the code adopted by the legislature.’ ” Coker, 57.5 So.2d at 50 (quoting Fuller v. Associates Commercial Corp., 389 So.2d 506, 509 (Ala.1980)). Thus, Densmore, which relies on this quotation from Fuller, see Dens-more, 813 So.2d at 850-51, is faulty when it purports to erase constitutional error in the enactment of statutes by the medium of the legislature’s approval of annual supplements. The Fuller principle, as the Coker Court demonstrated, applied only to true historically recognized Code revisions, such as the 1975 Code and its predecessors. See Coker, 575 So.2d at 50 (collecting cases).
In my view, the trial court properly concluded that Act No. 2009-546 was unconstitutional as a local law that had not been advertised as required by §§ 104 and 106 of the Alabama Constitution. The trial court, however,, considered itself bound by Densmore.
“Act No. 2009-564 is fully within the long shadow of Densmore. This Court has no choice but to follow Densmore, and in so doing, has no choice but to find, that, though offending of Article IV, *77 § 106, Act No. 2009-564’s offense has been washed away by and through its codification.”
Even though Densmore was incorrectly decided, the trial court understandably considered itself bound by it. This Court, however, may correct its own errors.[6]
By what logic does, a bill that is unconstitutional in its enactment suddenly become constitutional by being reenacted? The proposition is nonsensical. Do two wrongs make a right? The supposed re-passage of an unadvertised local law under the guise of “codification” does not compensate for passing the local law without advertising the first time but simply perpetuates its unconstitutionality by passing it a second time without the necessary publication. Glenn Bynum and Larry Gip-son want the entire Act declared unconstitutional. The City of Oneonta wants to save the Act by severing the three-county exclusion. I agree with Bynum and Gip-son that the Act is unconstitutional in its-entirety but primarily for different reasons than they advance in their briefs. The Act is unconstitutional in its entirety because it was unconstitutionally enacted. The supposed “reenactment” of the Act as part of the annual revision of the Code, per Dens-more, did not remedy its invalidity but instead perpetuated it. The reenactment, like the original enactment, was not advertised and thus also violated § 106.
In my dissent in Densmore, I challenged the proposition that ordinary legislation could nullify provisions of the Constitution and stated that “the codification of an invalid statute cannot cure a constitutional defect.” 813 So.2d 'at 859 (Moore, C.J., dissenting). I also noted that “ ‘an act of the legislature, repugnant to the constitution, is void.’ ” Id. at 860 (quoting Marbury v. Madison, 5 U.S. (1 Cranch) 137, 176, 2 L.Ed. 60 (1803)). This Court is not empowered to disregard the Alabama Constitution. We erred in Densmore, and we should revisit that decision.
Assuming the validity of Densmore (which I do not), I agree with the main opinion that this Court could not sever the exclusion language and then declare the rest of the Atít constitutional. As Justices Merrill and Harwood stated in Opinion of the Justices No. 197, 284 Ala. 626, 630, 227 So.2d 396, 400 (1969):
“It would be an anomaly if a general bill could be converted into a local bill by amendments, and- after- passage as amended, be reconverted into a general bill by invocation of a separability clause. Such a chameleon process in itself is a complete denial of the legislative intent and legislative processes.”
In this case, the Act has no severability clause, further undermining the proposition that the legislature, which deliberately excluded the three counties from the operation of the Act, somehow authorized this Court, under the rationale of preserving the Act’s constitutionality, to rewrite .the bill to include those counties. The four other Justices who provided a separate opinion.in Opinion of the Justices No. 197, supra, noted that a severability clause “serves to assure this Court that the legislature intended that the Act should be divisible.” 284 Ala. at 629, 227 So.2d at 399. We have no such assurance in this case that would allow us to save the Act by rewriting it to exclude, contrary to the stated legislative intent, the. three named counties.
Further, to broaden an act by judicial surgery improperly overrides legislative intent:
“The rule ... is ... that if by striking out a void restrictive clause, the remain *78 der of an act, by reason of its generality, ■will have a broader scope as to subject or territory, its operation is not in accord with the legislative intent and the whole act would be affected and made void by the invalidity of such part; and, if a clause which violates the Constitution cannot be rejected without causing the act to enact what the legislature never intended the whole statute must fall.”
Alabama Pub. Serv. Comm’n v. AAA Motor Lines, Inc., 272 Ala. 362, 372, 131 So.2d 172, 180 (1961). See also Spraigue v. Thompson, 118 U.S. 90, 95, 6 S.Ct. 988, 30 L.Ed. 115 (1886) (noting that the “insuperable difficulty” in severing an illegal exception from a statute “is that, by rejecting the exceptions intended by the legislature ..., the statute is made to enact what confessedly the legislature never meant”).
Under Alabama Public Service Commission, if we were to affirm the trial court’s excision of the three-county-exception clause, we would necessarily broaden the scope of the Act “as to subject or territory.” By so doing, we would run afoul of the principle of statutory construction that forbids such judicial alteration of a statute. See Wilkinson v. Stiles, 200 Ala. 279, 76 So. 45 (1917) (noting that striking “a clause expressly excepting cities of a population of 35,000 or more ... and upholding] the rest of the act would extend the law to every city in the state, although the Legislature said that it should not do so”). The leading treatise on statutory construction states:
“Where an exception clause is unconstitutional, the substantive provision it qualifies cannot stand. This rule is essentially an issue of legislative intent, as courts cannot assume a legislature would have enacted a statute without the exceptions, and in any event are barred by the separation of powers principle from determining how the law’s substantive provisions might otherwise have been modified had the legislature known the exceptions would be found unconstitutional.”
2A Sutherland Statutory Construction § 47:11 (7th ed.2014). “By far the most common fate of statutes containing unconstitutional exceptions is complete destruction.” Note, The Effect of an Unconstitutional Exception Clause Upon the Remainder of a Statute, 55 Harv. L.Rev. 1030, 1030 (1942).

Conclusion

Because the Act is a local law that was not advertised as required by § 106 and, therefore, is unconstitutional under the Alabama Constitution, I see no need to reach out to discuss a federal equal-protection issue. Even if Densmore was properly decided, and the magic wand of annual recodification cured the Act’s invalidity under the Alabama Constitution, the Act still fails in its entirety and may not be revived by invoking a severability argument that contradicts the stated legislative intent.
Because I agree with the main opinion in its severability analysis, but would decide this case instead on state constitutional grounds, I concur in the result.

. “After this Court decided Coker., the legislature refined the codification process and began the current practice of annually codifying legislation.” Ex parte State Dep’t of Revenue, 683 So.2d 980, 982 (Ala.1996).

. I note that Act No. 2009-546 also violates § 111, Ala. Const. 1901: “No bill introduced as a general law in either house of the legislature shall be so amended on its passage as to become a special, private or local law.”